1  MICHAEL D. BRESLAUER [SBN 110259]
   mbreslauer@swsslaw.com
2  MATTHEW T. ARVIZU [SBN 313933]
   marvizu@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   Telephone (619) 231-0303
5  Facsimile (619) 231-4755

6  *Attorneys for Referee, the Hon. William
   McCurine, Jr. (Ret.)*

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  In re | Case No. 23-00105-LT11 |
| 11  DAVID MICHAEL PETERS, | RS No. MDB-1 |
| 12  Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| 13 | |
| 14 ──────────────────────── | |
| 15  Referee, the HON. WILLIAM MCCURINE, JR. (Ret.), | Dept:  Three (3)  Honorable Laura S. Taylor |
| 16  Movant. | |
| 17  v. | |
| 18  DAVID MICHAEL PETERS; | |
| 19  BARBARA R. GROSS, SUBCHAPTER V TRUSTEE, | |
| 20 | |
| 21  Respondent. | |
| 22 | |

23

24

25

26

27

28

P:01616928.4:60678.002

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................ 1

II.   RELEVANT FACTS ...................................................................................... 2

    A.   The Referee Was Appointed To Supervise The Winding Up And Dissolution Of P&F In The State Court Litigation................................ 2

    B.   Referee's Imminent Need To Resolve Disputed Claims Against P&F .......................................................................................................... 3

III.  LEGAL ARGUMENT .................................................................................. 5

    A.   The Referee Should be Deemed to Be a 'Party-In-Interest' in this Matter. ...................................................................................................... 5

    B.   The Automatic Stay Should Be modified or Lifted to Facilitate the Referee's Continued Acts to Wind Up The Affairs of Peters & Freedman LLP ......................................................................................... 6

IV.   CONCLUSION .............................................................................................. 8

## I.    **INTRODUCTION**

Hon. William McCurine, Jr. (Ret.) (the "Referee" or "Judge McCurine") is the Referee appointed by the Superior Court (on stipulation by Mr. Peters and the other partners of Peters and Freedman, LLP, a California limited liability partnership ("P&F", a formerly practicing law firm), to oversee and manage P&F's winding up. The Referee respectfully requests the Court grant relief from the automatic stay to allow him to continue P&F's winding up. Chapter 11 Debtor David M. Peters (the "Debtor" or "Mr. Peters") is a partner holding a partnership interest in P&F.

Because the process of P&F's winding up does not involve or address Mr. Peters' partnership interest which is property of his Chapter 11 estate – and involves and addresses only the assets of P&F, which are not property of his Chapter 11 estate – the automatic stay should be lifted or declared not to apply to the Referee's continued actions. It is well-established both that (1) the automatic stay of 11 U.S.C. § 362(a) does not reach to protect non-debtor entities or their property and (2) the inclusive reach of "property of the estate" under 11 U.S.C. §541 does not extend to place within its ambit a partnership's assets and liabilities when a partner files for relief under the Bankruptcy Code. As a matter of California law, Mr. Peters has no ownership interest in the assets being administered by the Referee. California Corporations Code ("CCC") § 16501.

The Automatic Stay is invoked facially here, necessitating this motion. At the core of this case is litigation commenced in October 2018 by other partners of P&F against Mr. Peters entitled *Smith, et al. v. Peters*, still pending in the San Diego Superior Court (the "Superior Court") as Case No. 37-2018-00054719-CU-PP-NC (the "State Court Litigation"). Judge McCurine was appointed as Referee within the State Court Litigation. Mr. Peters is a named defendant in the State Court Litigation and accordingly, the State Court Litigation is stayed by the express text of Section 362(a)(1).

1  Judge McCurine was appointed by the Superior Court in the State Court

2  Litigation, based upon the agreement of all of P&F's partners, to manage and

3  supervise P&F's liquidation and ultimate winding up (and concurrently to act as an

4  arbitrator to hear and decide the disputes brought between the partners).

5  Thus, Referee moves for relief from the automatic stay for cause pursuant to

6  Bankruptcy code Section 362(d)(1) and seeks either relief from the automatic stay (or

7  the Court's declaration that the automatic stay does not apply) to his continuing acts

8  to administer the assets of P&F and to perform all other tasks within the Order

9  appointing the Referee (as amended), inclusive of the Referee's authority to continue

10  issuing orders as appropriate and his ability to petition the State Court for guidance in

11  connection with his role the Superior Court appointed Referee.

12  **II.**   **RELEVANT FACTS**

13  **A.**   **The Referee Was Appointed To Supervise The Winding Up And**

14  **Dissolution Of P&F In The State Court Litigation**

15  In October 2018, Zachary R. Smith, James R. McCormick, Jr., Kyle E. Lakin,

16  and Christina Baine Dejardin ("Petitioners," and collectively with Mr. Peters, the

17  "Partners") commenced the State Court Litigation against Mr. Peters, seeking

18  provisional relief pending arbitration of claims described against Mr. Peters.

19  (Declaration of Hon. William McCurine, Jr. (the "McCurine Dec.") ¶ 2. The Partners

20  are the sole law partners of P&F. McCurine Dec. ¶2. The State Court Litigation

21  pertains fundamentally to a dissolution and winding up of P&F and the liquidation of

22  claims made between the Partners by arbitration. McCurine Dec. ¶3. By stipulation,

23  the Partners chose and appointed Judge McCurine to act in two distinct capacities; as

24  Referee to supervise the winding up of the P&F partnership, and as Arbitrator to hear

25  and decide the Petitioners' and Mr. Peters' claims against each other. McCurine Dec.

26

27

28

¶2.[1]

On December 7, 2018, the State Court entered its order (the "Original Order") on stipulation of the parties appointing the Referee in the State Court Litigation. McCurine Dec. ¶ 2. On May 1, 2019, the State Court entered its order approving the Partners' stipulation amending and restating Referee's original appointment (the "A&R Order"). McCurine Dec. ¶2. The purpose of the A&R Order was to reflect the Partners' agreement regarding the Referee's "expanded duties and activities" regarding the winding up of P&F. McCurine Dec. ¶3, Exhibit B, Recital D. The A&R Order specifically provides that Referee shall "preside over and shall have authority to liquidate, reduce the money, and create a fund of all assets, real or personal, of P&F." (McCurine Dec. ¶2, n. 1, Exhibit B, ¶2).

In September 2020, the Referee sought and obtained the Superior Court's Order dated October 9, 2020 (the "Amending Order") amending the A&R Order and determining that Judge McCurine had the 'exclusive' authority to hold and administer P&F's assets, and that following notice to the parties, Judge McCurine could hear, decide and use P&F's assets to pay claims (either administrative incurred in the winding up or those held against P&F as of the date of commencement of the State Court Litigation). Copies of the Original Order, the A&R Order and the Amending Order are attached as Exhibits A, B and C to the McCurine Decl.

Based on the Orders of the Superior Court, Judge McCurine as Referee has a duty owed to the Superior Court to continue and complete the task of P&F's winding up.

**B.    Referee's Imminent Need To Resolve Disputed Claims Against P&F**

There are imminent matters related to P&F's winding up that require the Referee's ongoing involvement and decision:

---

[1] Despite his dual role as Arbitrator and Referee, and for avoidance of doubt, the Referee seeks relief *only* in connection with the winding up of P&F and *not* in any way pertaining to the claims raised in the arbitration between the Partners.

1.     Matters involving Referee's administrative expenses in winding up the affairs of P&F, such as costs for outside vendors for computer services, outside accountants for tax purposes, and Referee's counsel fees, each of which are subject to comment or objection by the Partners and are subject to express objections from Mr. Peters;

2.     Resolution of two San Diego Superior Court cases respectively filed by Smart Corner Owners Association the Morningside Community Association against P&F (and Mr. Peters, individually) (respectively, the "Smart Corner Action" and the "Morningside Action")[2] seeking damages and or other relief grounded in allegations of P&F's professional negligence;

3.     Collection of P&F accounts receivable related to construction defect litigation filed by former P&F client, Fahrenheit Homeowners Association; and

4.     Other final winding up tasks, including the preparation of federal tax returns (K-1 Reports), resolution and disposition of remaining attorney trust accounts, and the disposition of net P&F assets to the Partners as provided by the partnership agreement and applicable law, and the preparation and presentation to the Superior Court of a final report and accounting of the Referee's activities. McCurine Dec. ¶ 4.

None of these matters involve the disposition of Mr. Peters' partnership interest itself, although, by definition, the *value* of that interest would be affected by the ongoing expenses to administer the winding up and resolution of P&F creditors' claims. Regardless of the outcome in any of those matters, though, Mr. Peters' P&F partnership interest will remain wholly intact.

---

[2] P&F has indemnity and defense coverage for each of the Smart Corner Case and the Morningside Case and P&F and Mr. Peters' interests are being defended by counsel appointed and paid for by P&F's "Tail" insurance carrier.

III.  **LEGAL ARGUMENT**

    A.  **The Referee Should be Deemed to Be a 'Party-In-Interest' in this Matter.**

The Referee seeks relief from the automatic stay for "cause" under section 362(d)(1). Subsection (d) is prefaced with the limitation that relief can be sought only by a 'party-in-interest'. The Referee is such a 'party-in-interest,' and may bring this motion and be heard on the issues raised herein.

The Referee has no economic interest in Mr. Peters or his Chapter 11 estate. However, the Referee does have a "legal" or a practical stake in the outcome of this case, insofar as the Chapter 11 filing and the automatic stay impacts his ability to perform the duties imposed upon him by the Superior Court. The Referee is properly characterized as a 'party-in-interest' for purposes of filing this request relating to the impact of the Chapter 11 filing on matters under his exclusive control.

While Section 1109(b) addresses a 'right to be heard' held by a 'party-in-interest', its definition of a party in interest is facially inclusive, and not limiting. See Section 102(3). Thus "the better view is that section 1109(b) should be interpreted as written to permit any party in interest to raise, appear and be heard with respect to any issue in the case, regardless of the nature of the proceeding in which the issue arises subject only to the appropriate principles of standing applied on a case-by-case basis." 7 Collier on Bankruptcy, 16th Ed., ¶1109.04[2][b][ii] at 1109-28-29 (citing *In re Amatex, Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)(section 1109(b) to be construed broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard).

More specifically, in the context of Section 362(d), courts looking at the question have recognized that a party affected by the automatic stay should be entitled to move for relief. See 3 Collier on Bankruptcy, 16th Ed., ¶ 362.07[2] at 362-106. See also, *In re Brown Transp. Truckload, Inc.,* 118 Bankr. 889, 893 (Bankr. N.D. Ga. 1990) (rejecting conclusion that only creditors may be 'parties-in-interest' for purposes of stay relief).

1   The Referee is certainly affected by Mr. Peters' Chapter 11 case and the
2   automatic stay, notably, as directed by Mr. Peters' admonition that all actions, by the
3   Referee, the Referee's counsel and agents are to "immediately cease" in light of the
4   Chapter 11 filing. A copy of Mr. Peters' January 26, 2023 email to the Referee and
5   others is attached hereto as Exhibit 1. Accordingly, in the context of the limited nature
6   of the Referee's involvement in this Chapter 11 case and pertaining only to his
7   continuing ability to proceed to wind up the affairs of the Peters & Freedman, LLP,
8   the Referee should properly be characterized as a 'party-in-interest' for purposes of
9   this motion and the limited relief sought.

10   **B.** **The Automatic Stay Should Be modified or Lifted to Facilitate the
11   Referee's Continued Acts to Wind Up The Affairs of Peters &
12   Freedman LLP**

13   When a bankruptcy petition is filed, 11 U.S.C. § 362(a)(1) requires a stay of
14   "the commencement or continuation, including the issuance or employment of
15   process, of a judicial, administrative, or other action or proceeding against the debtor
16   that was or could have been commenced before the commencement of the case under
17   this title . . ." Facially, the automatic stay Section 362(a) applies to the State Court
18   Litigation because it names Debtor, individually, as a respondent.

19   But as a matter of California law, Mr. Peters' partnership interest is distinct
20   from P&F's assets: he holds no interest in any P&F asset, and those assets are not
21   property of this bankruptcy estate. CCC § 16201 states "A partnership is an entity
22   distinct from its partners.". CCC § 16501 states "A partner is not a co-owner of
23   partnership property and has no interest in partnership property that can be transferred
24   either voluntarily or involuntarily." The remaining actions to be undertaken by
25   Referee in the winding up of P&F, detailed above, do not address Mr. Peters'
26   partnership interest or any asset or property of his bankruptcy estate. The automatic
27   stay does not extend "to separate legal entities such as corporate affiliates, partners in
28   debtor partnerships or to codefendants in pending litigation." (*In re Slabicki* (1st Cir.

1  BAP 2012) 466 B.R. 572, 580 (quoting, *Patton v. Bearden* (6th Cir. 1993) 8 F.3d 343,

2  349).)

3       It is well settled that the automatic stay "does not extend to the assets of a

4  corporation in which the debtor has an interest, even if the interest is 100% of the

5  corporate stock." *In re Furlong* 600 F.3d 81, 89-90 (1st Cir. 2011). Partnership assets

6  are not property of an individual partner's bankruptcy estate. *In re Manning*, 831 F.2d

7  205, 207 (10th Cir. 1987); see also *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999)

8  (it is 'well-established' in bankruptcy law that a partnership's assets do not become

9  property of the debtor partner's bankruptcy estate) and *In re Shephard*, 2007 Bankr.

10  LEXIS 1667 at *5 (Bankr N.M. 2007). A bankruptcy debtor's equity ownership of or

11  in a separate entity does not make him the owner of that entity's assets. (*In re Johnson*

12  608 B.R. 784, 789 (Bankr. N.D. Ga, 2019) ("The fact that an individual debtor holds

13  an interest in another entity does not give that individual a direct ownership interest

14  in the assets owned by the other entity. . . the property is not property of the debtor's

15  bankruptcy estate . . . The debtor chose to place ownership of the property into a

16  limited liability company. Having assumed whatever benefits flowed from that

17  decision, he cannot now ignore the existence of the LLC in order to escape its

18  disadvantages." [internal quotations omitted]).

19       The automatic stay should not be applied to protect or stay the activities of a

20  related or affiliated entity in which a bankruptcy debtor has an equity interest.

21  (*Wyndham Vacation Resorts, Inc. v. Timeshare Relief, Inc*., 2020 U.S. Dist. LEXIS

22  26557, at * 9-10 (C.D. Cal. 2020). See also, *In re Winer,* 158 B.R. 736, 743 (Bankr.

23  N.D. Ill. 1993)  ("Section 362(a) does not proscribe actions brought against non-

24  debtor entities, even where there is a close nexus between those non-debtors and their

25  bankrupt affiliates.") and *Maritime Elec. Co., Inv. v. United Jersey Bank* 959 F.2d

26  1194, 1205 (3d Cir. 1991) ("[T]he automatic stay is not available to non-bankrupt co-

27  defendants of a debtor even if they are in a similar legal or factual nexus with the

28  debtor.").

1  California statutes defining Mr. Peters' partnership interest and the authorities

2  cited above conclude that his partnership interest in P&F is wholly distinct from the

3  assets (and the liabilities) of P&F, and that the assets of P&F are not property of his

4  Chapter 11 estate. This is true, as here, even where the activities (the P&F winding

5  up matters) originate in an action naming Mr. Peters as a defendant. Relief should be

6  granted.

7  While the State Court Litigation is the locus of the arbitration to resolve the

8  claims held and asserted by Mr. Peters' partners against him, it is also an action

9  brought to ---- and which by the Partners' unanimous agreement to appoint Judge

10  McCurine to oversee – liquidate and wind up of the affairs of P&F. Because neither

11  the liquidation nor the winding up of P&F disposes of the assets of the bankruptcy

12  estate, the Referee's actions in the State Court Litigation should not be subject to the

13  automatic stay.

14  **IV.  CONCLUSION**

15  For the reasons stated above, the Referee respectfully requests an order granting

16  relief from the automatic stay (or a declaration that the automatic stay does not apply

17  to the Referee) allowing Judge McCurine to continue supervising the winding up of

18  P&F in the State Court Litigation under the A&R Order, as amended by the Amending

19  Order, inclusive of seeking instructions or other relief from the Superior Court.

20  DATED:  February 3, 2023          SOLOMON WARD SEIDENWURM &
21                                    SMITH, LLP
22
23                                    By:  /s/ Michael D. Breslauer
24                                    MICHAEL D. BRESLAUER
                                      Attorneys for Referee, the Hon. William
25                                    McCurine. Jr. (Ret.)
26
27
28

# EXHIBIT 1

## Michael D. Breslauer

| | |
|---|---|
| **From:** | David Peters <dpeters@oraclelawyers.com> |
| **Sent:** | Thursday, January 26, 2023 12:11 PM |
| **To:** | Michael D. Breslauer; Josh Waldman; Alton Burkhalter; lcohen@sklarkirsh.com |
| **Cc:** | William McCurine; Nicole M. Fuller; Wendy A. Shrum; Leslie Braun; David Peters |
| **Subject:** | RE: ***Hearing Postponed*** RE:  Peters & Freedman - Accounts Payable as of 1/13/2023 |

Dear Mr. Breslauer:

In addition to the postponement of the January 30, 2023 telephonic hearing due to the automatic stay, all actions by the Arbitrator, Referee and Judicate West, including its agents which include Solomon Ward, Versa, and Smart Forensics are to immediately cease.   Please immediately provided notice to Versa and Smart Forensics, and other agents, etc. to cease performing services immediately as well.


David Peters – Attorney
dpeters@oraclelawyers.com
————————————————◇

**The Oracle Lawyers**
Office:  (760) 452-6750
Mobile: (760) 415-2333
191 Calle Magdalena, Suite 200
Encinitas, CA 92024

**From:** Michael D. Breslauer <mbreslauer@swsslaw.com>
**Sent:** Thursday, January 26, 2023 11:17 AM
**To:** David Peters <dpeters@oraclelawyers.com>; Josh Waldman <jwaldman@bkcglaw.com>; Alton Burkhalter <aburkhalter@bkcglaw.com>; lcohen@sklarkirsh.com
**Cc:** William McCurine <judgemccurine@judicatewest.com>; Nicole M. Fuller <nfuller@swsslaw.com>; Wendy A. Shrum <wshrum@swsslaw.com>
**Subject:** ***Hearing Postponed*** RE: Peters & Freedman - Accounts Payable as of 1/13/2023

Counsel,

In light of Mr. Peters's chapter 11 filing, Judge McCurine is postponing the telephonic hearing on the objections to payment of payables.  We will advise of the new date and time.

Michael Breslauer


Michael D. Breslauer | Partner
**Solomon Ward Seidenwurm & Smith, LLP**
(dd) 619.238.4804 | (m) 619.823.0303 | (f) 619.615.7904
mbreslauer@swsslaw.com | www.swsslaw.com | v-card
Please read **legal disclaimer** that governs this email and any attachments.

1

EXHIBIT 1