MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
MATTHEW T. ARVIZU [SBN 313933]
marvizu@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755

*Attorneys for Referee, the Hon. William McCurine, Jr. (Ret.)*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID MICHAEL PETERS,<br><br>Debtor.<br>_____<br>Referee, the HON. WILLIAM MCCURINE, JR. (Ret.),<br><br>Movant.<br><br>v.<br><br>DAVID MICHAEL PETERS; BARBARA R. GROSS, SUBCHAPTER V TRUSTEE,<br><br>Respondents. | Case No. 23-00105-LT11<br><br>RFS No. MDB-1<br><br>**DECLARATION OF HON. WILLIAM MCCURINE JR. (RET.) IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Dept: Three (3)<br>Honorable Laura S. Taylor |

P:01617372.3:60678.002

I, WILLIAM MCCURINE, JR. declare:

1. I am over eighteen years of age. I make this declaration on behalf of myself. The matters set forth in this declaration are true and correct of my own personal knowledge or my review of business records relevant to the matters stated herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. I am aware that in October 2018, Zachary R. Smith, James R. McCormick, Jr., Kyle E. Lakin, and Christina Baine Dejardin (collectively, "Petitioners") commenced an action in the San Diego Superior Court (the "Superior Court") entitled *Smith, et al. v. Peters*, San Diego Superior Court Case No. 37-2018-00054719-CU-PP-NC (the "State Court Litigation") against David M. Peters ("Mr. Peters," and collectively with Petitioners, the "Partners"), seeking provisional relief pending arbitration. I am the appointed referee ("Referee") and the nominated arbitrator in the State Court Litigation. My appointments first arose pursuant to the Superior Court's order on the Partners' stipulation dated December 7, 2018 (the "Original Order"). The Original Order was amended and restated by the Partners' stipulation and resulted in the Superior Court's approval of my role as Referee by its order dated May 1, 2019 ("A&R Order").[1] I believe that the Partners are the sole law partners of a law partnership, Peters & Freedman, LLP, a California limited liability partnership ("P&F").

3. The State Court Litigation pertains fundamentally to two separate matters: (1) the winding up of the affairs of P&F and (2) the resolution by arbitration of claims made between the Partners. By stipulation, in both the Original Order and the A&R Order, the Partners chose me as their arbitrator and requested

---

[1] The A&R Order was further amended by the Superior Court's order dated October 9, 2020 (the "Amending Order") providing me with "exclusive" authority to liquidate and dispose of P&F claims (both administrative and those held prior to the State Court Litigation) and the reduction of P&F assets to cash. True and correct copies of the Original Order, the A&R Order and the Amending Order are respectively attached hereto as **Exhibits A, B and C**.

that the Court approve me as referee to supervise the winding up of the P&F partnership. Among the reasons for the Stipulation resulting in the A&R Order was the Partners' recognition of the significant tasks involved in the winding up of P&F and to provide me with expanded duties and activities as Referee regarding the winding up of P&F.

4. Currently, there are imminent matters related to P&F's winding up that require my ongoing involvement and decision:

  a. Matters involving Referee's administrative expenses in winding up the affairs of P&F, such as costs for outside vendors for computer services, outside accountants for tax and forensic purposes, and Referee's counsel fees, each of which are subject to objections from Mr. Peters ("Administrative Claims");

  b. Resolution of two San Diego Superior Court cases respectively filed by Smart Corner Owners Association the Morningside Community Association against P&F (and Mr. Peters, individually) (respectively, the "Smart Corner Action" and the "Morningside Action")[2] seeking damages and or other relief grounded in allegations of P&F's professional negligence and related claims;

  c. Collection of P&F accounts receivables related to construction defect litigation filed by former P&F client, Fahrenheit Homeowners Association; and

  d. Other final winding up tasks, including the preparation of federal tax returns (K-1 Reports), resolution and disposition of attorney-client trust accounts, the disposition of P&F assets to the Partners as provided by the partnership agreement and applicable law, and the preparation and presentation to the Superior Court of a final report and accounting of the Referee's activities.

---

[2] P&F has indemnity and defense coverage for each of the Smart Corner Case and the Morningside Case and P&F and Mr. Peters' interests are being defended by counsel appointed and paid for by the P&F "Tail" coverage policy arranged during my administration as Referee.

5. I believe that my duties as Referee are owed to the Superior Court which confirmed my appointment upon the Partners' consent and stipulation, and that my activities to wind up P&F's affairs should not be impeded or stayed by Mr. Peters' Chapter 11 case. I intend to take no action against his partnership interest, although I recognize that my decisions and the potential acts and decisions of third parties might affect the ultimate value of Mr. Peters' partnership interest.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was executed on this 2nd day of February 2023, at San Diego, California.

/s/ William McCurine Jr.
HON. WILLIAM MCCURINE JR. (RET.)

# EXHIBIT A

| | |
|---|---|
| RAVIN GLOVINSKY LLP<br>WILLIAM W. RAVIN (#052722)<br>JASON L. GLOVINSKY (#141027)<br>THOMAS W. FERRELL, JR. (#115605)<br>401 B Street, Suite 2450<br>San Diego, California 92101-4245<br>(619) 233-9800 – Telephone<br>(619) 233-9801 – Facsimile<br><br>Attorneys for Respondent<br>David M. Peters | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/07/2018** at 12:45:00 PM<br><br>Clerk of the Superior Court<br>By Veronica Navarro, Deputy Clerk |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ZACHARY R. SMITH, an individual; JAMES R. MCCORMICK, an individual; KYLE E. LAKIN, an individual; and CHRISTINA BAINE DEJARDIN, an individual,<br><br>Petitioners,<br><br>v.<br><br>DAVID M. PETERS, an individual; and DOES 1 through 10, inclusive,<br><br>Respondents. | Case No.: 37-2018-54719-CU-PP-NC<br><br>STIPULATION AND [PROPOSED] ORDER APPOINTING THE HON. WILLIAM McCURINE, JR., (RET.) AS REFEREE PURSUANT TO CCP § 638(a)<br><br>Judge:   Hon. Jacqueline M. Stern<br>Dept.    N-27<br><br>Complaint filed: October 29, 2018<br>Trial Date:    Not assigned. |

### Parties, Counsel and Effective Date

The Parties to this Stipulation and [Proposed] Order to Appoint The Hon. William McCurine Jr. Ret. As Referee Pursuant to CCP § 638(a) (Stipulation) are: Petitioners Zachary R Smith, James R. McCormick, Jr., Kyle Lakin, and Christina Baine DeJardin on the one hand, and Respondent David M. Peters on the other. Petitioners are represented by, and enter into this Stipulation through their counsel Burkhalter Kessler Clement & George, LLP. Respondent is represented by and enters into this Stipulation through his counsel Ravin Glovinsky, LLP. The Effective Date of this Stipulation is November 26, 2018.

1

Ex Parte Application for TRO
and OSC Re Preliminary Injunction

## Recitals

The following Recitals, as recitals pursuant to Evid. Code § 622, are part of the consideration which each of the Parties gives to the others.

1. The controversy at bench comprises a dispute amongst partner attorneys arising out of a Partnership Agreement, which agreement contains an Alternative Dispute Resolution Provision (the "ADR Provision").

2. Petitioners have commenced the instant proceeding seeking provisional relief. Respondent has also appeared and sought provisional relief. The Parties agree that seeking provisional relief (e.g., [without limitation] interlocutory, equitable orders) is consistent with the arbitration requirement set forth in the Partnership Agreement.

3. The Parties have agreed the Hon. William McCurine, Magistrate Judge (Ret.) (Judge McCurine) shall be the arbitrator. The Parties have further agreed Judge McCurine may hear, rule and issue orders in connection with applications for interlocutory relief.

4. By this Stipulation and proposed order, the Parties seek to ensure that Judge McCurine has jurisdiction to hear, rule and issue orders on applications for interlocutory relief and has jurisdiction to hear, rule and issue orders on the entire controversy between the Parties.

5. Therefore, the Parties through their counsel of record agree to the terms set forth below as follows:

## Terms of Stipulation

6. Pursuant to CCP § 638(a), Judge McCurine shall be appointed as Referee for all interlocutory relief sought in this action, pending arbitration. Judge McCurine's office address is Judicate West, 402 West Broadway, Suite 2400, San Diego, CA 92101. His telephone number is 619.814.1966. Magistrate McCurine will charge his customary hourly rate, which is presently $550.00 per hour, which shall be borne 50% by the Petitioners collectively on the one hand and 50% by Respondent on the other, subject to the arbitrator's right to re-allocate fees and costs at the conclusion of the arbitration at his discretion.

9. Judge McCurine shall hear and resolve all interlocutory disputes in this action, pending arbitration. His powers shall include the following:

    a. Take evidence, decide, and issue orders in connection with any interlocutory dispute in this action.

    b. Issue sanctions or other relief at the arbitrator's discretion as needed to enforce his orders;

    c. Award attorneys' fees and costs or other sanctions where appropriate;

    d. Pursuant to CCP § 638(b), make reports to the Court of his decisions within a reasonable time, if requested by the Court or one of the parties; and

    e. Have all other powers commonly conferred upon a referee in a civil action pursuant to CCP § 638.

10. Judge McCurine shall also serve as the arbitrator to resolve the entire controversy and render an award pursuant to CCP § 1283.4.

11. The Parties, by and through their counsel, hereby agree to the foregoing, and request it be incorporated by reference into an Order, set out below.

Dated: December 3, 2018

Ravin Glovinsky LLP

By: _____
William W. Ravin
Attorneys for Petitioner
David M. Peters

Dated: December 3, 2018

Burkhalter Kessler Clement & George, LLP

By: _____
Alton G. Burkhalter
Joshua A. Waldman, Esq.
Attorneys for Petitioners, Zachary R. Smith, James R. McCormick, Jr., Kyle E. Lakin, and Christina Baine DeJardin

3      Joint Stipulation and Order

[Proposed]

**ORDER** stipulation

GOOD CAUSE BEING SHOWN by the foregoing and otherwise, the above Terms of Stipulation are incorporated by reference into this Order and

**IT IS SO ORDERED.**

Dated: **12/7/18**

JACQUELINE M. STERN
JUDGE OF THE SUPERIOR COURT

#2018-54719

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/01/2019 at 04:34:00 PM

Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Proposed Attorneys for the Honorable William McCurine, Jr. (Ret.), Referee

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

## NORTH COUNTY DIVISION

| | |
|---|---|
| ZACHARY R. SMITH, an individual; JAMES R. MCCORMICK, an individual; KYLE E. LAKIN, an individual; and CHRISTINA BAINE DEJARDIN, an individual,<br><br>Petitioners,<br><br>v.<br><br>DAVID M. PETERS, an individual; and DOES 1-10, inclusive,<br><br>Respondents. | CASE NO. 37-2018-00054719-CU-PP-NC<br><br>**STIPULATION AND (PROPOSED) ORDER AMENDING AND RESTATING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)**<br><br>Date:<br>Time:<br>Dept: N-27<br><br>Honorable Jacqueline M. Stern<br><br>Action Filed: October 29, 2018 |

P:01283164:60493.006

37-2018-00054719-CU-PP-NC

STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

Petitioners Zachary R. Smith, James R. McCormick, Kyle E. Lakin and Christina Baine Dejardin (collectively, referred to as "Petitioners"), and Respondent David M. Peters ("Respondent" and together with Petitioners, the "Parties"), along with Intervenor/Plaintiff Morris, Sullivan & Lemkul, LLP ("MSL") hereby stipulate and agree to amend and restate the Order appointing the Honorable William McCurine, Jr. (Ret.) as Referee (the "Referee" or "Judge McCurine"), pursuant to C.C.P. 638(a), and entered by the this Court on December 7, 2018 (the "Initial Referee Order") and by minute order dated November 15, 2018, as it pertains to MSL.

A.  This Stipulation is based upon the following recitals, each identified as a recital pursuant to California Evidence Code Section 622, and are part of this consideration which each of the Parties provides to the others.

B.  This case pertains fundamentally to the dissolution and winding up of a law partnership, Peters & Freedman, LLP ("P&F"). The Parties' intent in stipulating to appoint Judge McCurine as Referee was to provide him with broad authority to, among other actions, take evidence, decide and issue orders in connection with any "interlocutory dispute" in this action [Initial Referee Order, ¶ 9(a)], as well as to confirm his appointment as arbitrator to hear and decide the Parties' respective claims raised against one another, including MSL's claims as stated in its Complaint in Intervention.

C.  In performing his duties as Referee under the Initial Referee Order, Judge McCurine has issued seven separate orders directed to the Parties and pertaining to interlocutory matters directly affecting the dissolution and winding up of P&F (each a "Referee Order" and collectively, the "Referee Orders"). The Referee Orders identify a broad range of activities and tasks ordered by the Referee to be performed by the Parties.

D.  The Parties now have identified numerous acts necessary and appropriate regarding P&F's dissolution and winding up, and desire that Judge McCurine supervise and take an active role in such dissolution and winding up, and to decide MSL's claims as stated in its Complaint in Intervention. Additionally, because of the breadth and scope of the Referee Orders, the Parties as well as the Referee, believe it is appropriate to restate and augment the Initial Referee Order to

reflect the Referee's expanded duties, expanded activities, and the Parties' expectations with respect to P&F's dissolution and winding up.

E. Accordingly, and based upon the foregoing, the Parties stipulate and agree to the following amended and restated order appointing the Honorable William McCurine, Jr. (Ret.) as Referee pursuant to C.C.P. Section 638(a):

1. Pursuant to C.C.P. Section 638(a), Judge McCurine is appointed as referee for interlocutory and related matters in connection with P&F's dissolution and winding up, as well as MSL's claims. Judge McCurine will be compensated at his customary hourly rate, currently $550 per hour, with each of the Petitioners and Respondents to be responsible for 50% of such fees and expenses. Fees and expenses pertaining to MSL's claims will be separately and reasonably apportioned to MSL consistent with the Court's November 15, 2018, Minute Order. Notwithstanding the foregoing sentence, following and at the conclusion of the arbitration, Judge McCurine shall have authority to reallocate or respectively apportion such fees and expenses as between the Petitioners, Respondents and any third-party intervenors as he believes is appropriate.

2. The Referee shall preside over and shall have authority to liquidate, reduce the money, and create a fund of all assets, real or personal, of P&F. Except for funds necessary for the operational requirements of P&F during the period within which P&F is in dissolution and prior to formally ceasing activities, the Referee will have the option, but not the obligation, of placing all bank accounts, cash accounts, and Qualified Settlement Funds, but excluding client trust accounts held and maintained by P&F, in the name of William McCurine, Referee (the "Referee Holding Account"). If and to the extent certain Partnership funds are not deposited into the Referee Holding Account, the Referee's restrictions on access to the funds in the Referee Orders shall remain in effect. The parties will be given an opportunity to be heard by Judge McCurine before actions are taken on any Qualified Settlement Funds.

3. The Referee shall have authority to hire appraisers, auctioneers, liquidators and third parties which he believes in his sole discretion are necessary and appropriate to liquidate, monetize, or otherwise reduce the assets owned by P&F for cash. All such cash received shall be deposited into the Referee Holding Account. The Referee shall maintain adequate and appropriate



P:01283164:60493.006 -3- 37-2018-00054719-CU-PP-NC
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

books and records to identify the sources and disposition of all cash received in connection herewith.

4. The Referee shall have the power upon the notice procedure (the "Notice Procedure"), as defined below, to make disbursements from the Referee's account to third parties holding valid claims against P&F.

5. The Referee shall be empowered to employ counsel to aid and assist him in carrying out his duties herein, and the Referee shall be authorized, pursuant to the Notice Procedure (as defined below) to pay invoices of such counsel in the ordinary course of his duties from the Referee Holding Account. The Parties have been informed, and agree that Michael D. Breslauer, Esq., and the firm of Solomon Ward Seidenwurm & Smith, LLP may and shall be retained as the Referee's general counsel in connection with this matter.

6. The following notice procedure (the "Notice Procedure") shall apply with respect to any disbursements of cash from the Referee Holding Account. As needed but not more frequently than twice per calendar month, the Referee shall provide written notice to the parties through their respective counsel of his intention to pay monies out of the Referee Holding Account. Such notice shall identify the name of the proposed payee, the amount, and shall provide a brief description of the basis for such payment. Any Party may request a copy of the underlying invoice or documents supporting such payment, and the Referee shall within 2 business days of receipt of such request provide copies of such invoices to a requesting party. The Parties shall have 10 calendar days from the date of service of such notice to deliver to the Referee and the Referee's counsel written objections of such disbursement. Upon receipt of an objection, the Referee shall withhold making such disbursement(s) and thereafter may appear on an ex parte basis before the Superior Court to obtain resolution of a contested proposed distribution. The failure to object to any proposed distribution shall be deemed as a waiver of any and all objections to the propriety and/or correctness of such proposed distribution. Notwithstanding anything stated herein to the contrary, a Party's failure to object to a disbursement in the winding up phase of the dissolution shall not preclude a Party from later asserting that the disbursement should be charged against another Party in the subsequent arbitration proceeding.

P:01283164:60493.006

-4-

37-2018-00054719-CU-PP-NC
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

7. The Referee shall publish a notice of dissolution and request for claims asserted against P&F and to set a "claims bar deadline," providing third parties with not less than 30 days' notice of the time within which such parties must file claims against P&F.

8. Nothing in this Stipulation and Order shall require or authorize the Referee to commence litigation, prosecute or defend claims made by or against P&F, but the Referee shall have authority to assign as between the parties the responsibility for such prosecution or defense, and shall determine the value or exposure, as the case may be, for such claims in the context of and in connection with an overall resolution between the Parties.

9. As an aid to and integral to the performance of the foregoing tasks, Judge McCurine shall have the power to (a) take evidence, decide and issue orders in connection with any matter described herein or any matter that is reasonably related to the matters described herein; (b) issue sanctions or other relief in his discretion as needed to enforce any of his orders; (c) award attorneys' fees and costs or other sanctions where appropriate; (d) pursuant to Section 638(b), make reports periodically to the court of his decisions and orders within a reasonable time if requested by the court or one of the Parties; and (e) have all other powers conferred upon a referee in a civil action pursuant to Section 638.

10. Judge McCurine is also appointed and shall serve as the arbitrator to resolve the entire controversy between Petitioners and Respondent and render an award pursuant to C.C.P Section 1283.4.

11. As it pertains to MSL's claims, Judge McCurine's authority shall be limited to that of a referee in accordance with section 638 of the Code of Civil Procedure.

WHEREFORE, the Parties by and through their respective counsel of record, hereby agree to the foregoing and request that such terms be adopted as the order of the Court.

**IT IS SO STIPULATED.**

```
 1  DATED: April 26, 2019        SOLOMON WARD SEIDENWURM & SMITH, LLP
 2
 3                               By: /s/ Michael D. Breslauer
                                    MICHAEL D. BRESLAUER
 4                                  Attorneys for Referee the Honorable WILLIAM
                                    MCCURINE, JR., (Ret.)
 5
 6  DATED: April 26, 2019        RAVIN GLOVINSKY LLP
 7
                                 By: /s/ William W. Ravin
 8                                  WILLIAM W. RAVIN
                                    Attorneys for Respondent DAVID M. PETERS
 9
10  DATED: April 26, 2019        BURKHALTER KESSLER CLEMENT & GEORGE, LLP
11
                                 By: /s/
12                                  ALTON G. BURKHALTER
                                    JOSHUA A. WALDMAN
13                                  Attorneys for Petitioners ZACHARY R. SMITH, JAMES
                                    R. MCCORMICK, KYLE E. LAKIN, and CHRISTINA
14                                  BAINE DEJARDIN
15
16  DATED: April 26, 2019        VIVOLI SACCUZZO, LLP
17
                                 By: /s/ Jason Saccuzzo
18                                  JASON P. SACCUZZO
                                    Attorneys for Intervenor/Plaintiff
19                                  MORRIS, SULLIVAN & LEMKUL, LLP
20
```

P:01283164:60493.006
-6-
37-2018-00054719-CU-PP-NC
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

## ORDER

Pursuant to the Stipulation, and for good cause shown, it is hereby ordered that the forgoing Stipulation is adopted in its entirety as the order of this Court:

**IT IS SO ORDERED.**

Dated: May 1, 2019

_____
HONORABLE JACQUELINE M. STERN
JUDGE OF THE SUPERIOR COURT

P:01283164:60493.006

-7-

37-2018-00054719-CU-PP-NC
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### NORTH COUNTY

## MINUTE ORDER

DATE: 10/09/2020　　　　　　　　　TIME: 01:30:00 PM　　　DEPT: N-27
JUDICIAL OFFICER PRESIDING: Jacqueline M. Stern
CLERK: Michael Garland
REPORTER/ERM: Laura Longarini, CSR No. 12384
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2018-00054719-CU-PP-NC**　CASE INIT.DATE: 10/29/2018
CASE TITLE: **SMITH vs PETERS [IMAGED]**
CASE CATEGORY: Civil - Unlimited　　CASE TYPE: Petition - Partnership & Corporate governance

**EVENT TYPE**: Motion Hearing (Civil)

**APPEARANCES**
Joshua A. Waldman, counsel, present for Defendant,Petitioner(s) telephonically.
David M Peters, counsel, present for Defendant,Respondent(s) telephonically.
Michael D. Breslauer appears (telephonically) on behalf of Referee, The Hon. William McCurine, Jr.

The Court hears oral argument and confirms the tentative ruling as follows:

The Honorable William McCurine, Jr. (ret.) (the "Referee")'s motion to amend and restate the order appointing him as the referee and arbitrator in this matter is **granted**. See Cal. Code Civ. P. § 638(a).

Defendant David M. Peters ("Defendant")'s opposition is unavailing. He identifies myriad issues concerning, *inter alia*: (1) purported improprieties in the dissolution process; (2) alleged misrepresentations made to the court, the State Bar of California, and the California Secretary of State; (3) supposed noncompliance with State Bar rules; and (4) the Referee's attorney's fees to date. However, Defendant cites no authority and provides no cogent analysis for why the motion should be denied.

Good cause appearing, the court further amends and restates the May 1, 2019 Stipulation and Order Amending and Restating Terms of Appointment of The Honorable William McCurine, Jr. (ret.) as Referee Pursuant to C.C.P. Section 638(a) (ROA No. 74) (the "Amended and Restated Order") as follows:

Paragraph 2 of the Amended and Restated Order shall be amended to read: "The Referee shall preside over and shall have exclusive authority to liquidate, reduce to money, and create a fund of all assets, real or personal, of P&F. Except for funds necessary for the operational requirements of P&F during the period within which P&F is in dissolution and prior to formally ceasing activities, the Referee will have the option, but not the obligation, of placing all bank accounts, cash accounts, and Qualified Settlement Funds, but excluding client trust accounts held and maintained by P&F, in the name of William

McCurine, Referee (the "Referee Holding Account"). If and to the extent certain Partnership funds are not deposited into the Referee Holding Account, the Referee's restrictions on access to the funds in the Referee Orders shall remain in effect. The parties will be given an opportunity to be heard by Judge McCurine before actions are taken on any Qualified Settlement Funds."

Paragraph 6 of the Amended and Restated Order shall be amended to read: "The following notice procedure (the "Notice Procedure") shall apply with respect to any disbursements of cash from the Referee Holding Account. As needed, but not more frequently than twice per calendar month, the Referee shall provide written notice to the parties through their respective counsel of his intention to pay monies out of the Referee Holding Account. Such notice shall identify the name of the proposed payee, the amount, and shall provide a brief description of the basis for such payment. Any Party may request a copy of the underlying invoice or documents supporting such payment, and the Referee shall within 2 business days of receipt of such request provide copies of such invoices to a requesting party. The Parties shall have 10 calendar days from the date of service of such notice to deliver to the Referee and the Referee's counsel written objections of such disbursement. Upon receipt of an objection, the Referee shall permit each Party to provide input to resolve the proprietary and correctness of such proposed distribution before the Referee makes such proposed distribution in the amount requested, or in such other amount as the Referee decides is appropriate. Notwithstanding anything stated herein to the contrary, a Party's failure to object to a disbursement in the winding up phase of the dissolution shall not preclude a Party from later asserting that the disbursement should be charged against another Party in the subsequent arbitration proceeding.

Aside from the foregoing, the court restates and reaffirms every other term and condition stated in the Amended and Restated Order.

Notice is waived.

_____
Judge Jacqueline M. Stern