MAGGIE E. SCHROEDTER, ESQ. (Bar No. 270377)
maggie@thersfirm.com
LANE HILTON, ESQ. (Bar No. 314892)
lane@thersfirm.com
ROBBERSON SCHROEDTER LLP
501 West Broadway, Suite 1250
San Diego, CA 92101
(619) 353-5692

Attorneys for Creditors
ZACHARY R. SMITH,
JAMES R. MCCORMICK,
KYLE E. LAKIN, AND
CHRISTINA BAINE DEJARDIN

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DAVID MICHAEL PETERS,<br><br>Debtor and Debtor-in-Possession | CASE NO. 23-00105-MM11<br><br>Chapter 11<br><br>**DECLARATION OF ZACHARY R. SMITH IN SUPPORT OF MOTION FOR ORDER CONFIRMING TERMINATION OF STAY, OR FOR RELIEF FROM STAY**<br><br>RS No. :  MES – 1<br>DATE:    March 23, 2023<br>TIME:    2:00 p.m.<br>JUDGE:   Hon. Margaret M. Mann<br>DEPT.:   1<br>ROOM:   218 |
| Zachary R. Smith, James R. McCormick, Kyle E. Lakin, and Christina Baine DeJardin<br>             Moving Party. | |
| David Michael Peters, Debtor and Barbara R. Gross, Subchapter V Trustee<br>             Respondents. | |

///

I, Zachary R. Smith, declare as follows:

1. I am a Partner at Delphi Law Group, LLP. I am one of the Creditors in the subject bankruptcy proceeding and one of the Plaintiffs in the San Diego Superior Court case entitled *Smith, et al. v. Peters*, SDSC Case No.: 37-2018-00054719 ("Dissolution Action").

2. I am over the age of eighteen, I have personal knowledge of the facts stated herein, except those facts stated on information and belief, and as to those facts I believe them to be true. If called as a witness, I could and would competently testify to such matters.

3. Peters & Freedman, LLP (the "Partnership") is a limited liability law partnership that consists of five partners, Debtor David Michael Peters ("Peters" and/or "Debtor") and the Creditors. The Creditors comprise 54%, a collective majority of the Partnership. The Partnership primarily represented homeowners' associations concerning day-to-day operations, collection of assessments, and in construction defect lawsuits.

4. Creditors asserted claims against Debtor in connection with the Partnership, which primarily dealt with Debtor's large-scale embezzlement and gambling of Partnership assets and his destruction of the firm though his management style based on instilling fear, bullying, constant lying, and general abuse of Partnership personnel (partners, associates and staff), often appearing to be intoxicated, that was destroying firm morale and resulting in a mass exodus of staff. In light of those claims, Creditors resolved to dissolve the Partnership, and sought an injunction to preserve and protect the Partnership's assets.

5. On November 1, 2018, the Hon. Jacqueline Stern, Ret. entered an injunction in the Dissolution Action preserving and protecting the Partnership's assets.

6. On December 7, 2018, the parties stipulated to arbitration before the Honorable William McCurine, Ret. Since then, Judge McCurine has served as the

parties' Arbitrator and Referee and has issued over a dozen orders in connection with the winding up of the Partnership.

7.   The Arbitration Hearing was initially set to commence before Judge McCurine on March 8, 2021. On February 23, 2021, the day a Motion for Terminating Sanctions against Debtor was set to be heard before Judge McCurine arising out of Debtor's intentional destruction of critical evidence, one day before Debtor's deposition was set to take place, and just a few weeks before the Arbitration Hearing was set to commence, Debtor caused a bankruptcy Petition to be filed with the United States Bankruptcy Court for the Southern District of California on behalf of the Partnership, Case No. 21-00646-LA7 ("Partnership Bankruptcy").

8.   On March 5, 2021, Creditors filed a Motion to Dismiss the Partnership Bankruptcy *inter alia* on the grounds that (i) Peters did not have authority to file the Partnership Bankruptcy because the orders of the Superior Court and Judge McCurine divested and deprived Peters of any authority to file a bankruptcy petition on behalf of the Partnership, and (ii) alternatively, the Court should abstain and dismiss the Partnership Bankruptcy case pursuant to 11 U.S.C. § 305(a), in favor of the comprehensive Dissolution Action. A true and correct copy of the Notice of Motion and Motion for Order Dismissing Chapter 7 Case, or in the Alternative, for Relief from the Automatic Stay, filed in the United States Bankruptcy Court, Southern District of California, Case No. 21-00646-LA 7, *In re: Peters & Freedman, LLP*, filed on March 5, 2021, is attached hereto as Exhibit "A".

9.   On April 16, 2021, the Bankruptcy court, the Honorable Louise D. Adler presiding, entered an order granting Creditors' Motion to Dismiss and further retained jurisdiction to hear Creditors' sanctions motion. A true and correct copy of the Tentative Ruling re Docket 14, Issued by Judge Louise DeCarl Adler, in the United States Bankruptcy Court, Southern District of California, Case No. 21-00646-LA 7, *In re: Peters & Freedman, LLP*, filed on March 22, 2021, is attached hereto as Exhibit "B". A true and correct copy of the Minute Order, Issued by Judge Louise

1 | DeCarl Adler, in the United States Bankruptcy Court, Southern District of California, Case No. 21-00646-LA 7, *In re: Peters & Freedman, LLP*, filed on March 25, 2021, is attached hereto as Exhibit "C".

10. Following the dismissal of the Partnership Bankruptcy, and after Judicate West and the San Diego Superior Court rejected Peters' efforts to remove Judge McCurine from the case on the alleged grounds of bias, Judge McCurine again set the Arbitration hearing to commence on January 10, 2022.

11. Creditors and their counsel appeared before Judge McCurine on January 10, 2022. That morning at 10:10 a.m., about 40 minutes after the Arbitration Hearing was scheduled to commence, Peters filed an individual Chapter 11, Subchapter V Petition for Bankruptcy, Case No. 22-00036-LT11 ("Individual Bankruptcy"). A true and correct copy of Debtor's Voluntary Petition for Individual Filing for Chapter 11 Bankruptcy, filed in case No. 22-00036-LT 11, *In re: David Michael Peters*, filed on January 10, 2022, is attached hereto as Exhibit "D".

12. While Creditors' Motion for Relief from Stay was pending, and without having filed his Schedules or otherwise disclosed his assets, liabilities, and financial condition, Peters requested dismissal of the Petition. A true and correct copy of Debtor-in-Possession David Michael Peters' Motion to Dismiss Case, filed in the United States Bankruptcy Court, Southern District of California, Case No. 22-00036-LT 11, *In re: David Michael Peters*, filed on February 2, 2022 [Docket 33], is attached hereto as Exhibit "E".

13. The Court dismissed the case on March 3, 2022 and entered an 180-day bar on Debtor being a debtor under Title 11. A true and correct copy of the Order on Debtor's Motion to Dismiss Case, Entered by Judge Laura S. Taylor, in the United States Bankruptcy Court, Southern District of California, Case No. 22-00036-LT 11, *In re: David Michael Peters*, filed on March 3, 2022 [Docket 57], is attached hereto as Exhibit "F".

14. The Arbitration hearing took place on April 5, 6, 7, 20, and 21, 2022.

15. Through a series of rulings on June 27, 2022, September 13, 2022, September 20, 2022, and October 6, 2022 (collectively, the "Award"), the Arbitrator awarded Creditors $9,857,608.76 in compensatory damages, $2,000,000 in punitive damages, $1,367,101.13 in prevailing party attorney's fees and costs, post arbitration attorney's fees and costs, and prejudgment interest for a total of **$15,339,614.41.** A true and correct copy of the June 27, 2022 Arbitration Award is attached hereto as Exhibit "G".

16. The hearing on Creditors' Petition to Confirm the Award was set for January 20, 2023 at 1:30 p.m.

17. On January 19, 2023, the Court in the Dissolution Action issued a tentative ruling granting Creditors' Petition to Confirm in the amount of $15,339,614.41.

18. At the hearing, Debtor advised the Court that he filed a bankruptcy petition, and the court took the matter off calendar as a result.

19. Debtor's wife claims that the property located at 1471 Via Valente, Escondido, CA 92029 is her separate property, however Debtor has stated that it is community property. Also, in the Divorce Action, Debtor's wife disclosed nine deposit/investment accounts holding community property assets. The total assets held in these accounts are unknown. However, in Debtor's wife's Declaration filed in that action, she identified transactions and attempted transactions that add up to approximately $3,952,982-$4,467,982. *See* Exhibit T.

///
///
///

20. Creditors are also aware, through Partnership records, of two additional deposit accounts held by Peters. In addition, Creditors are also aware that Peters deposited $1,000,000 on September 11, 2014 with Liberty for an annuity and $2,000,000 on February 12, 2015 with Structured Assignments, Inc. in connection with a Fee Structured Plus ("FSP") plan (https://www.structuredassignments.bb/).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of February 2023.

                                                 /s/ Zachary R. Smith
                                                 Zachary R. Smith