CSD 1161 [07/01/18]

Name, Address, Telephone No. & I.D. No.

Ian S. Landsberg (SBN 137431)
Loren N. Cohen (SBN 186839)
SKLAR KIRSH, LLP
1880 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 845-6416 Facsimile: (310) 929-4469

Attorneys for Janet Peters, an interested party

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>DAVID MICHAEL PETERS<br><br>Debtor. | BANKRUPTCY NO. 23-00105-MM11 |
| Referee, Hon. William McCurine Jr. (Ret)<br><br>Moving Party | RS NO. MDB-1 |
| David Michael Peters, Debtor and<br>Barbara R. Gross, Sub V Trustee,<br><br>Respondent(s) | Hearing Date: March 23, 2023<br>Hearing Time: 2:00 p.m. |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☒ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13  was filed on _____.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed *(if any)*: Barabara Gross
   
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   
   c. ☒ Debtor has previously filed a Bankruptcy Petition on: <u>January 10, 2022</u>.
      If applicable, the prior case was dismissed on: <u>April  18, 2022</u>.
   
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

3. *Number of unsecured creditors _____. Amount of unsecured debt $ _____.

4. *Last operating report filed: _____

5. *Disclosure statement:  Filed? (yes/no) _____. Approved? (yes/no) _____.
   If yes, date of plan confirmation hearing: _____

\*Only required if respondent is the debtor in a Chapter 11 case.

CSD 1161

Respondent alleges the following in opposition to the Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.

   d. **Fair market value of property: $ _____.

   e. **Nature of Respondent's interest in the property:

2. ☒ The following personal property is the subject of this Motion *(describe property)*:
   Approximately $4,700,000.00 in cash.

   a. **Fair market value of property: $ _____.

   b. **Nature of Respondent's interest in the property:

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief     $ _____
   b. Amount of monthly payment                      $ _____
   c. Date of last payment:                          _____
   d. If real property,
      (1) Date of default:                           _____
      (2) Notice of Default recorded on:             _____
      (3) Notice of Sale published on:               _____
      (4) Foreclosure sale currently scheduled for:  _____
   e. If personal property,
      (1) Pre-petition default:   $ _____    No. of months: _____
      (2) Post-petition default:  $ _____    No. of months: _____

4. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default:     _____
   b. Amount of post-petition default:   $ _____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | Post-Petition Arrearages Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ | $ | $ |

**Separately filed Declaration required by LBR 4001-4.

CSD 1161

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
☐ See attached page, if necessary.

6. Relief from the automatic stay should not be granted because:
   a. ☒ Movant's interest in the property described above is adequately protected.

   b. ☒ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

   c. ☒ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

   d. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or _____ days ordered by this court) have passed since entry of the order for relief in this case, or

      (1) the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

      (2) the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   e. ☒ Other *(specify)*: ☐ See attached page.

   Movant the state court referee and arbitrator is not a real party in interest and lacks standing. Cal. Ev Code 703.5 provides- no person presiding in any judicial, quasi-judicial proceeding or arbitrator is competent to testify in subsequent civil proceedings. Janet Peters is in marital dissolution proceeding with the DIP and DIP creditors claim interest in the Community Assets

When required, Respondent has filed a separate Declaration pursuant to LBR 4001-4. Respondent attaches the following:

1. ☒ Other relevant evidence:

   Memorandum of Points and Authorities
   Objection to Declaration of Hon. William McCurine Jr. (Ret)- movant and referee and arbitrator.
   Declaration of Loren N. Cohen, Esq. with exhibits

2. ☒ *(Optional)* Memorandum of points and authorities upon which the responding party will rely.

**Wherefore**, Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: February 24, 2023

                          /s/ Ian Landsberg, Esq.
                          [Attorney for] Respondent

**CSD 1161**