1  SKLAR KIRSH, LLP
   Ian S. Landsberg (SBN 137431)
2  ilandsberg@sklarkirsh.com
   Loren N. Cohen (SBN 186839)
3  lcohen@sklarkirsh.com
   1880 Century Park East, Suite 300
4  Los Angeles, California 90067
   Telephone: (310) 845-6416
5  Facsimile: (310) 929-4469

6  Attorneys for
   Janet Peters, an interested party
7

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11

| In re | Case No. 23-00105-MM11 |
|---|---|
| DAVID MICHAEL PETERS, | Chapter 11 |
| Debtor and Debtor-in Possession. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JANET PETERS OPPOSITION TO MOTION FOR:** |
| Referee, Hon. William McCurine Jr. (Ret) | 1) **AN ORDER CONFIRMING TERMINATION OF STAY UNDER 11 U.S.C. § 362(C)(3)(A), OR** |
| Moving Party, | |
| v. | 2) **FOR RELIEF FROM STAY AS TO AN ACTION IN A NON-BANKRUPTCY FORUM UNDER 11 U.S.C. § 362(D)(1)** |
| David Michael Peters, Debtor and Barbara R. Gross, Subchapter V Trustee, | |
| Respondents. | RS No. : MDB-1 |
| | DATE: March 23, 2023 |
| | TIME: 2:00 p.m. |
| | JUDGE: Hon. Margaret M. Mann |
| | DEPT.: 1 |
| | ROOM: 218 |

Janet Peters, an interested party ("Interested Party") hereby submits this Memorandum of Points and Authorities in support of her Opposition to Movants and Creditors Zachary R. Smith, James R. McCormick, Kyle E. Lakin, and Christina Baine DeJardin (collectively, "Creditors") Motion for (1) an Order Confirming Termination of Stay Under 11 U.S.C. § 362(c)(3)(A), or (2) for Relief From Stay as to an Action in a Non-bankruptcy Forum Under 11 U.S.C. § 362(d)(1) ("Motion").

## I. INTRODUCTION

Janet Peters is in a marital dissolution proceeding with Debtor in Possession David M. Peters in the matter entitled *In re: Marriage of Janet M. Peters and David Peters* SDSC Case. No. 21FL010853N, pending in the San Diego Superior Court as Case No. 21FL010853N.

Creditors of David Peters have sought to execute on the community property assets held between her and her estranged husband David M. Peters. Accordingly, Janet Peters has standing to bring this opposition against the subject Motion for Relief from Automatic Stay.

Judge McCurine brings a motion for relief from automatic stay for the stated purpose of proceeding with the dissolution and wind up of the Peters and Freedman law firm. Janet Peters opposes the Motion for Relief from Automatic Stay brought by the State Court referee and arbitrator Judge William McCurine, Jr. on the grounds that: (a) the State court order appointing Judge McCurine as referee and arbitrator does not grant him powers to seek the requested relief and as a referee and arbitrator, Judge McCurine is not a real party in interest and lacks standing in this Bankruptcy matter; (b) pursuant to California Evidence Code section 703. 5, Judge McCurine as the referee and arbitrator is incompetent to provide any statement or testimony in this Bankruptcy court concerning the proceedings of the state court action or arbitration; (c) the creditors and partners of the Peters and Freedman, LLP partnership fail to bring a motion for relief from automatic stay; and (d) there exists

at least $4.7 million dollars at issue in which David Peters claims an amount in excess of $2,350,000.00 which can be used in his reorganization claim.

The issues concerning Judge McCurine being an impartial neutral referee and arbitrator are a hotly contested issue in the State Court and will likely become a matter for the State Court of Appeal. Outside the presence of the parties Judge McCurine, through his counsel Mr. Michael Breslauer, Esq., interviewed Peters and Freeman employees, enmeshed himself in handling the firms business, joined in the dismissal of a bankruptcy filed by David Peters on behalf of Peters & Freedman, and engaged in countless ex parte communications with the parties. These matters are briefed in the state court.

On these grounds, it is respectfully requested that this court deny Judge McCurine's Motion for Relief from Automatic Stay.

## II.     STATEMENT OF FACTS

Although not a party to the pending state court action entitled *Smith, et. al. v. Peters* pending in the San Diego Superior Court as Case no. 37-2018-00054719-CU-PP-NC ("State Court Action"), the court on December 9, 2022 granted Janet Peters the status of a permissive intervenor under California Code of Civil Procedure Section 387(d)(2). . L. Cohen Dec. ¶ 3, Exh. A.

In two stipulations and a contested court order, Judge McCurine became the appointed state court referee under Code of Civil Procedure section 638a and was also appointed "as the arbitrator to resolve the entire controversy between Petitioners and Respondent and render an award pursuant to C.C.P. § 1283.4." L. Cohen Dec. ¶ 6 & 7, Exh. C ¶10, p. 5: ln. 17-19.

The issue of whether Judge McCurine is an impartial referee and arbitrator remains at issue in the State Court. There has been substantial briefing and court orders on the issue in the State Court which will become an issue for the California Court of Appeal. L. Cohen Dec. ¶ 4.

## III.   ARGUMENT

### A.   Janet Peters Has Standing to Oppose Judge William McCurine, Jr.'s Motion for Relief From Automatic Stay

All actions in federal court must be prosecuted in the name of the "real party in interest." FRBP 7017 (incorporating by reference FRCP 17); 11 USC § 362(d) (any "party in interest" may Move for relief from stay.)

The Bankruptcy Code does not define the term "real party in interest." In the relief from stay context, courts "tend to focus the definition on parties who are entitled to enforce the obligation." *In re Rice* (6th Cir. BAP 2011) 462 BR 651, 656-657. The court in *In re Veal* (9th Circ. BAP 2011) 450 BR 897, 908 ruled that "most real party in interest inquires focus on whether the plaintiff or movant holds the rights he or she seeks to redress." "[T]he one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *In re Comcoach Corp.* (2nd Cir. 1983) 698 F.2d 571, 573.

Parties to pending litigation in state or federal district court have standing concerning a motion for relief from automatic stay. See *Rutter Group Cal.Prac.Guide:* Bankruptcy 8: 1566 *citing In re Blan* (8th Cir. BAP 1999) 237 BR 737, 739.

Here, Janet Peters is a permissive intervenor in the State Court Action and therefore has standing to oppose Judge McCurine's Motion for Relief from Automatic Stay.

### B.   Judge McCurine Lacks Standing to Bring the Subject Motion for Relief From Automatic Stay.

#### 1.   Judge McCurine As A Neutral, Lacks A Sufficient Stake To Afford Him Standing To Bring The Subject Motion For Relief From Automatic Stay.

"Whether a party qualifies as a 'party in interest' is determined on a case-by-case basis, taking into consideration whether that party has a 'sufficient stake' in the

outcome of that proceeding." *In re Rice, supra,* 462 BR at 656.

Most courts are of the view that only creditors may move for relief from automatic stay. See *In re Comcoach Corp., supra,* 698 F.2d at 573-574 holding bank not a current creditor of debtor and thus could not move to lift stay. A "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." See 11 USC § 101(5).

Judge McCurine is intended to be an impartial neutral referee and arbitrator to make findings in the State Court Action. It is axiomatic that an impartial neutral referee and arbitrator lacks a "stake" or "legal right which is sought to be enforced" sufficient to bring a motion for relief from automatic stay. See *In re Comcoach Corp, supra,* 698 F.2d at 573 and *In re Rice, supra,* 462 BR at 656.

In the State Court Action Judge McCurine attempts to wear three hats. First the hat of a referee under California Code of Civil Procedure section 638. Second, the hat of a neutral arbitrator. And, third the hat of a quasi-receiver under California Code of Civil Procedure section 564 et seq. However, Judge McCurine was never appointed a receiver by the State Court and fails to comply with requisite statutory requirements to act as a receiver.

As to a referee and arbitrator there is only one assigned function. That is to be a neutral trier of fact and law. "A reference by the trial court involves the sending of a pending action or proceeding, or some issue raised therein, to a referee for hearing, determination and report back to the court." *Sy First Family Ltd. Partnership v. Cheung* (4th Dist. 1999) 70 Cal.App.4th 1334, 1341. "A general reference occurs where the court, with the consent of the parties, directs a referee to try any or all of the issues in the action." *Id.* "The hearing before a referee is conducted in the same manner as it would be before a court under the rules of evidence applicable to judicial proceedings." *Id. citing* Cal. Ev. Code. § 300. "In the case of a general reference, the referee must prepare a statement of decision which stands as the decision of the court and is reviewable in the same manner as if

SKLAR KIRSH, LLP
ATTORNEYS AT LAW

4872-1774-1650.6     5     Case No. 23-00105-MM11
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JANET PETERS OPPOSITION

the court had rendered it." *Id. citing* C.C.P. § 644, 645.

Here, it would be as if the state court itself brought a motion for relief from automatic stay. Judge McCurine presents no such authority.

Nor does Judge McCurine have standing in his role as arbitrator. "Contractual arbitration includes the following attributes: "(1) [A] third party decision maker; (2) a mechanism for ensuring neutrality with respect to the rendering of the decision; (3) a decision maker who is chosen by the parties; (4) an opportunity for both parties to be heard, and (5) a binding decision." *Id.*

Again, as an arbitrator Judge McCurine is to be a neutral third-party decision maker. By definition Judge McCurine is not to be one who has a stake in the outcome of an action. Nor is Judge McCurine a creditor.

This motion simply supports the long line of actions Judge McCurine has taken showing his clear partiality and lack of neutrality which is at issue in the State Court Action.

Here, the only thing to be decided by this Bankruptcy court is whether Judge McCurine, as a referee or arbitrator, has sufficient standing to bring this motion for relief from automatic stay. Clearly, Judge McCurine does not.

### 2. The State Court's Order Does Not Confer Authority to Judge McCurine To Bring A Motion For Relief From Automatic Stay

The State Court Order does not confer authority onto Judge McCurine take make this Motion for Relief From Automatic Stay.

Paragraph 8 of the May 1, 2019 State Court Order provides:

"**Nothing in this Stipulation and Order shall require or authorize the Referee to commence litigation, prosecute or defend claims made by or against P&F**, but the Referee shall have authority to assign as between the parties the responsibility for such prosecution or defense, and shall determine the value or exposure, as the case maybe, for such claims in the context of and in connection with an overall resolution between the Parties."

[Exhibit C]

Judge McCurine is not "authorized" under the order to "commence litigation, prosecute, or defend claims made by or against P&F." Nor does the amended order confer authority onto Judge McCurine to bring the motion.

Accordingly, the State Court Orders do not confer any authority onto Judge McCurine to bring the Motion for Relief from Automatic Stay.

### 3. A Neutral Cannot Attest To Issues Concerning The Proceeding.

California *Evidence* code section 703.5 provides that "[n]o person presiding at any judicial or quasi-judicial proceeding, and no arbitrator or mediator, shall be competent to testify, in any subsequent civil proceeding, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with a prior proceeding" with certain exceptions that do not apply here.

The commentator's in the California Practice Guide Alternative Dispute Resolution note:

> "Arbitrator's declarations are inadmissible to explain the reasons for the award or the merits of the controversy. [Ev. C. § 703.5; *see Ng v. Sup. Ct. (People)* (1997) 52 Cal.App.4th 1010, 1020 disapproved on other grounds by *Curle v. Sup. Ct. (Gleason)* 2001 24 Cal.4th 1057, 1069 – parties cannot consent to judicial officer's testimony; "The duty of impartiality and neutrality seals their lips, dries the ink in their pens and denies them access to their word processors, they may not set the record straight . . ." *Tabuco Highlands Community Ass'n v. Head* (2002) 96 Cal.App. 4th 1183, 1191- arbitrator's letter to court setting the arbitration was binding was inadmissible under Ev. C. § 703.5, but see also *A.M. Classic Const. Inc. v. Tri Build Develop Co.* (1999) 70 Cal.App.4th 1470, 1473."

CAL.PRAC.GUIDE: Alt. Disp. Res. § 5:517.

Here, the totality of Judge McCurine's declaration in support of the motion is inadmissible evidence under California *Evidence Code* section 703.5. Further the import of this Evidentiary Code is that McCurine who is to be a neutral has no

authority to bring a motion for relief from automatic stay.

**C.     The State Court Action Parties Do Not Bring This Motion for Relief From Automatic Stay And David Peters Has A Substantial Interest In The Funds Held By Judge McCurine.**

Curiously, the Parties to the State Court Action, that is the partners who hold an interest in Peters and Freedman, do not bring this motion for relief from automatic stay.  Further, the issues at stake here are of substance as the Debtor In Possession, David Peters, has a specific interest of over $2,350,000.00 in the funds held by Judge McCurine.

Judge McCurine's motion for Relief From Automatic Stay must be denied because none of the real parties in interest are participating in bringing the motion and the issues involved are substantial and substantially affect the bankruptcy of David Peters.

**IV.     CONCLUSION**

Based upon the foregoing Janet Peters, a real party in interest requests that this court deny Judge McCurine's Motion for Relief From Automatic Stay.

DATED:  February 24, 2023              SKLAR KIRSH, LLP

By:     */s/ Ian S. Landsberg*
Ian S. Landsberg
Loren N. Cohen
Attorneys for Janet Peters, an interested party