SKLAR KIRSH, LLP
Ian S. Landsberg (SBN 137431)
*ilandsberg@sklarkirsh.com*
Loren N. Cohen (SBN 186839)
*lcohen@sklarkirsh.com*
1880 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 845-6416
Facsimile: (310) 929-4469

Attorneys for
Janet Peters, an interested party

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.  23-00105-MM11 |
| DAVID MICHAEL PETERS, | Chapter 11 |
| Debtor. | **DECLARATION OF LOREN N. COHEN, ESQ. IN SUPPORT OF JANET PETERS, AN INTERESTED PARTY'S OPPOSITION TO JUDGE MCCURINE'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Referee, Hon. William McCurine Jr. (Ret) | |
| Movant. | |
| v. | RS No.: MDB -1 |
| David Michael Peters; Barbara R. Gross, Subchapter V Trustee | DATE: March 23, 2023 |
| Respondents. | TIME: 2:00 p.m. |
| | JUDGE: Hon. Margaret M. Mann |
| | DEPT.: 1 |
| | ROOM: 218 |

## DECLARATION OF LOREN N. COHEN

I, LOREN N. COHEN, declare as follows:

1.      I am an attorney duly admitted to practice in all of the Courts of the State of California.  I am counsel with Sklar Kirsh, LLP, attorneys of record for Janet Peters, intervenor in the State Court Action entitled *Smith, et. al. v. Peters* SDSC Case No. 37-2018-0054719-CU-PP-NC. ("State Court Action").

2.      I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of .

3.      Attached hereto as Exhibit A is a true and correct copy of order of December 9, 2022 entered in the State Court Action permitting Janet Peters to intervene in the action pursuant to California Code of Civil Procedure *section* 387(d)(2).

4.      The issue of Judge McCurine being an impartial neutral referee and arbitrator is a hotly contested issue in the State Court and will likely become a matter for the State Court of Appeal.  Janet Peters along with Debtor In Possession, David Peters, have filed extensive briefs objecting to the continuing activities of Judge McCurine as either a referee or arbitrator.  Substantial issues exist concerning his partiality and lack of neutrality that are sufficient to warrant his removal as a referee and/or arbitrator in the matters concerning the State Court Action.

5.      Attached as Exhibit B is a true and correct copy of the order of December 7, 2018 in the State Court Action initially appointing Judge McCurine as the Referee pursuant to C.C.P. § 638(a).

6.      Attached as Exhibit C is a true and correct copy of the order  of May 1, 2019 in the State Court Action Amending Judge McCurine's appointment as the Referee pursuant to C.C.P. § 638(a) and also appointing him as the arbitrator "to resolve the entire controversy between Petitioners and Respondent and render an

award pursuant to C.C.P. Section 1283.4."

7.       There is nothing in the May 1, 2019 Order that authorizes Judge McCurine to bring the subject Motion for Relief from Automatic Stay.  Moreover Paragraph 8 in the order states that the Order does not "require or authorize" Judge McCurine to commence litigation, prosecute defend claims made by or against P&F.

8.       Attached as Exhibit D is a true and correct copy of the Order of October 9, 2020, issued under objection of David Peters, amending the duties and powers of Judge McCurine as the referee and arbitrator.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of February, 2023, at Los Angeles, California.

_____
LOREN N. COHEN

# EXHIBIT "A"

## SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO

SOUTH BUILDING

TENTATIVE RULINGS - December 08, 2022

EVENT DATE:  12/09/2022          EVENT TIME:  01:30:00 PM          DEPT.: N-27

JUDICIAL OFFICER:Cynthia A. Freeland


CASE NO.:      37-2018-00054719-CU-PP-NC

CASE TITLE:  SMITH VS PETERS [IMAGED]


CASE CATEGORY:  Civil - Unlimited          CASE TYPE:  Petition - Partnership & Corporate governance

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED: Motion - Other, 11/21/2022

---

Nonparty/Intervenor Janet M. Peters' motion to intervene to respond to Petitioners Zachary R. Smith, James R. McCormick, Kyle E. Lakin, and Christina Baine DeJardin (collectively, "Petitioners")'s petition to confirm arbitration award is **granted**.

The parties' respective requests for judicial notice are granted.

California Code of Civil Procedure ("CCP") § 387(d)(2) provides that "[t]he court may, upon timely application, permit a nonparty to intervene in the action or proceeding if the person has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both." Cal. Code Civ. P. § 387(d)(2). "Permissive intervention is appropriate if: '(1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action.'" *Carlsbad Police Officers Association v. City of Carlsbad* (2020) 49 Cal. App. 5th 135, 148 (quoting *Reliance Ins. Co. v. Sup. Ct.* (2000) 84 Cal. App. 4th 383, 386). *See also City of Malibu v. California Coastal Com.* (2005) 128 Cal. App. 4th 897, 902. The court has broad discretion in balancing "the interests of those affected by a judgment against the interests of the original parties in pursuing their case unburdened by others." *South Coast Air Quality Management District v. City of Los Angeles* (2021) 71 Cal. App. 5th 314, 2320. CCP § 387 is to be construed liberally in favor of intervention. *See Simpson Redwood Co. v. State of California* (1987) 196 Cal. App. 3d 1192, 1201.

The court finds that Ms. Peters has demonstrated good cause for permissive intervention. First, the court finds that Ms. Peters timely moved to intervene. The timeliness of a motion to intervene is determined by the totality of the circumstances, with a focus on three primary factors: (1) the stage of the proceedings; (2) the prejudice to other parties from the delay in seeking to intervene; and (3) the reason for the delay. The second factor is the most important consideration. *See Crestwood Behavioral Health, Inc. v. Lacy* (2021) 70 Cal. App. 5th 560, 574-576. Timeliness is a question of reasonableness. Whether the right to intervene was timely is measured not from the date the intervenor knew about the litigation but, rather, from the date he or she "knew or should have known their interests in the litigation were not being adequately represented." *Lofton v. Wells Fargo Home Mortgage* (2018) 27 Cal. App. 5th 1001, 1013 (quoting *Ziani Homeowners Ass'n v. Brookfield Ziani LLC* (2015) 243 Cal. App. 4th 274, 280-282).

Petitioners commenced this action on October 29, 2018. Mr. Peters then filed his demand for arbitration with Judge McCurine on November 28, 2018. On November 22, 2021, Petitioners' counsel sent Ms. Peters' former attorney, Michele Brown, a letter notifying her of the arbitration and Mr. Peters' potential liability therein. The arbitration hearing before Judge McCurine took place on April 5-7 and 20-21, 2022.

---

CAS|              ?RS [IMAGED]      CASE NUMBER:  37-2018-00054719-CU-PP-NC 

On June 27, 2022, Judge McCurine issued his ruling awarding Petitioners $9,857,608.76, plus $800,000.00 in punitive damages, plus prejudgment interest on a portion of the award from September 1, 2016, plus attorney's fees and costs. After further litigation, Judge McCurine issued his Second Amended Arbitrator's Ruling on October 4, 2022. On October 26, 2022, Petitioners filed and served their petition to confirm the arbitration award. On November 7, 2022, Ms. Peters filed her response to Petitioners' petition. On November 21, 2022, Ms. Peters filed and served the present motion. That being said, the court finds that, under the totality of the facts and circumstances, Ms. Peters was reasonably timely in moving to intervene. While Petitioners are correct that Ms. Peters was undoubtedly aware of this litigation and the concomitant risks since 2018, the direct and immediate threat to her interests, *i.e.*, the potential execution against community property, was realized once Judge McCurine's arbitration award became final. Moreover, Petitioners have failed to demonstrate sufficient prejudice flowing from the alleged delay on Ms. Peters' part. More specifically, the court cannot conclude, on the current record, that permitting Ms. Peters to intervene will result in a further delay or the enlargement of any issues that would not otherwise have been litigated at the January 20, 2023 hearing on Petitioners' petition. Moreover, Petitioners' belief that Ms. Peters will seek to reopen the case to further evidence as well as present new and/or changed positions is speculative and does not outweigh Ms. Peters' substantial interest in protecting her community property interest in the assets subject to potential execution by Petitioners. Furthermore, Petitioners will have an opportunity to reply to Ms. Peters' response to their petition in the normal course.

Second, the court finds that Ms. Peters has established a direct and immediate interest in this action. "The requirement of a direct and immediate interest means that the interest must be of such a direct and immediate nature that the moving party ' "will either gain or lose by the direct legal operation and effect of the judgment." ' " *Turrieta v. Lyft, Inc.* (2021) 69 Cal. App. 5th 955, 976 (quoting *City and County of San Francisco v. State of California* (2005) 128 Cal. App. 4th 1030, 1036). "Conversely, '[a]n interest is ... insufficient for intervention when the action in which intervention is sought does not directly affect it although the results of the action may indirectly benefit or harm its owner.'" *Ibid.* The intervening party need not have any pecuniary interest in the dispute or a specific interest in the property or transaction involved in the litigation. *See Simpson Redwood Co.*, 196 Cal. App. 3d at 1201. Nor must the intervening party demonstrate that such interest will inevitably be affected by the outcome of the litigation; rather, a substantial probability is sufficient. *See Timberidge Enterprises, Inc. v. City of Santa Rosa* (1978) 86 Cal. App. 3d 873, 881. In this case, the arbitration award stands at $13,145,606.13, plus accruing interest. On September 16, 2022, the court granted Petitioners' application for a right to attach order and order for issuance of writ of attachment as to the real and personal properties set forth in the attachments to that application (with the exception of the Via Valente Property, which Petitioners agreed to exclude from the writ of attachment order). The writ of attachment was issued on September 27, 2022. Petitioners cite *Bechtel v. Axelrod* (1942) 20 Cal. 2d 390 for the proposition that, under California law, a wife of a defendant claiming a potential threat to her community interest in the marital property if the defendant loses and execution is levied upon the assets does not have a sufficiently direct interest to permissively intervene. However, *Bechtel* is distinguishable because in *Bechtel*, unlike the present case, the court noted that the community property the intervening wife sought to protect had not been endangered or threatened by a seizure or in any other manner. On that basis, the *Bechtel* court found that the wife's interest was remote and contingent and thus not of the direct and immediate character required to support intervention under CCP § 387.

In light of the foregoing, the court grants Ms. Peters' motion to intervene to respond to Petitioners' petition to confirm arbitration award.

This is the tentative ruling for the hearing at 1:30 p.m. on Friday, December 9, 2022. If no party appears at the hearing, this tentative ruling will become the order of the court as of December 9, 2022. If the parties are satisfied with the court's tentative ruling or do not otherwise wish to argue the motion, they are encouraged to give notice to the court and each other of their intention not to appear, though this notice is not required.

Event ID: 2909088                     TENTATIVE RULINGS              Calendar No.:
                                           Page: 2

# EXHIBIT "B"

1 | RAVIN GLOVINSKY LLP
WILLIAM W. RAVIN (#052722)
2 | JASON L. GLOVINSKY (#141027)
THOMAS W. FERRELL, JR. (#115605)
3 | 401 B Street, Suite 2450
San Diego, California 92101-4245
4 | (619) 233-9800 – Telephone
(619) 233-9801 – Facsimile
5
Attorneys for Respondent
6 | David M. Peters

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/07/2018 at 12:45:00 PM
Clerk of the Superior Court
By Veronica Navarro,Deputy Clerk

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10

11 | ZACHARY R. SMITH, an individual; JAMES R. MCCORMICK, an individual; KYLE E. LAKIN, an individual; and CHRISTINA BAINE DEJARDIN, an individual,

12

13

14 | Petitioners,

15 | v.

16 | DAVID M. PETERS, an individual; and DOES 1 through 10, inclusive,

17

18 | Respondents.

19

Case No.: 37-2018-54719-CU-PP-NC

STIPULATION AND [PROPOSED] ORDER APPOINTING THE HON. WILLIAM McCURINE, JR., (RET.) AS REFEREE PURSUANT TO CCP § 638(a)

Judge: Hon. Jacqueline M. Stern
Dept. N-27

Complaint filed: October 29, 2018
Trial Date: Not assigned.

20 | ### Parties, Counsel and Effective Date

The Parties to this Stipulation and [Proposed] Order to Appoint The Hon. William McCurine Jr. Ret. As Referee Pursuant to CCP § 638(a) (Stipulation) are: Petitioners Zachary R Smith, James R. McCormick, Jr., Kyle Lakin, and Christina Baine DeJardin on the one hand, and Respondent David M. Peters on the other. Petitioners are represented by, and enter into this Stipulation through their counsel Burkhalter Kessler Clement & George, LLP. Respondent is represented by and enters into this Stipulation through his counsel Ravin Glovinsky, LLP. The Effective Date of this Stipulation is November 26, 2018.

1

Ex Parte Application for TRO and OSC Re Preliminary Injunction

### Recitals

The following Recitals, as recitals pursuant to Evid. Code § 622, are part of the consideration which each of the Parties gives to the others.

1.    The controversy at bench comprises a dispute amongst partner attorneys arising out of a Partnership Agreement, which agreement contains an Alternative Dispute Resolution Provision (the "ADR Provision").

2.    Petitioners have commenced the instant proceeding seeking provisional relief. Respondent has also appeared and sought provisional relief. The Parties agree that seeking provisional relief (e.g., [without limitation] interlocutory, equitable orders) is consistent with the arbitration requirement set forth in the Partnership Agreement.

3.    The Parties have agreed the Hon. William McCurine, Magistrate Judge (Ret.) (Judge McCurine) shall be the arbitrator. The Parties have further agreed Judge McCurine may hear, rule and issue orders in connection with applications for interlocutory relief.

4.    By this Stipulation and proposed order, the Parties seek to ensure that Judge McCurine has jurisdiction to hear, rule and issue orders on applications for interlocutory relief and has jurisdiction to hear, rule and issue orders on the entire controversy between the Parties.

5.    Therefore, the Parties through their counsel of record agree to the terms set forth below as follows:

### Terms of Stipulation

6.    Pursuant to CCP § 638(a), Judge McCurine shall be appointed as Referee for all interlocutory relief sought in this action, pending arbitration. Judge McCurine's office address is Judicate West, 402 West Broadway, Suite 2400, San Diego, CA 92101. His telephone number is 619.814.1966. Magistrate McCurine will charge his customary hourly rate, which is presently $550.00 per hour, which shall be borne 50% by the Petitioners collectively on the one hand and 50% by Respondent on the other, subject to the arbitrator's right to re-allocate fees and costs at the conclusion of the arbitration at his discretion.

2

Joint Stipulation and Order

1    9.    Judge McCurine shall hear and resolve all interlocutory disputes in this action,

2  pending arbitration. His powers shall include the following:

3         a.    Take evidence, decide, and issue orders in connection with any

4              interlocutory dispute in this action.

5         b.    Issue sanctions or other relief at the arbitrator's discretion as needed to

6              enforce his orders;

7         c.    Award attorneys' fees and costs or other sanctions where appropriate;

8         d.    Pursuant to CCP § 638(b), make reports to the Court of his decisions

9              within a reasonable time, if requested by the Court or one of the parties;

10             and

11        e.    Have all other powers commonly conferred upon a referee in a civil

12             action pursuant to CCP § 638.

13   10.    Judge McCurine shall also serve as the arbitrator to resolve the entire

14  controversy and render an award pursuant to CCP § 1283.4.

15   11. The Parties, by and through their counsel, hereby agree to the foregoing, and

16  request it be incorporated by reference into an Order, set out below.

17

18  Dated: December 3, 2018          Ravin Glovinsky LLP

19                                   By: _____
20                                       William W. Ravin
                                         Attorneys for Petitioner
21                                       David M. Peters

22
                                     Burkhalter Kessler Clement & George, LLP
23  Dated: December 3, 2018

24                                   By: _____
25                                       Alton G. Burkhalter
                                         Joshua A. Waldman, Esq.
26                                       Attorneys for Petitioners, Zachary R.
                                         Smith, James R. McConnick, Jr., Kyle E.
27                                       Lakin, and Christina Baine DeJardin

28

                        3                        Joint Stipulation and Order

1

2

3      [Proposed]

       **ORDER**     *stipulation*

4      GOOD CAUSE BEING SHOWN by the foregoing and otherwise, the above Terms of

5      Stipulation are incorporated by reference into this Order and

6

7      **IT IS SO ORDERED.**

8

       Dated:   **12/7/18** _____        _____

9                                                  JACQUELINE M. STERN
                                                   JUDGE OF THE SUPERIOR COURT

10                                                 #2018-54719

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   Joint Stipulation and Order

                          4

# EXHIBIT "C"

1 | MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/01/2019** at 04:34:00 PM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

2 | SOLOMON WARD SEIDENWURM & SMITH, LLP
3 | 401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
4 | (f) 619.231.4755

5 |
Proposed Attorneys for the Honorable William McCurine, Jr.
6 | (Ret.), Referee

7 |

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO**

10 | **NORTH COUNTY DIVISION**

11 | ZACHARY R. SMITH, an individual; JAMES
R. MCCORMICK, an individual; KYLE E.
12 | LAKIN, an individual; and CHRISTINA
BAINE DEJARDIN, an individual,
13 |

CASE NO. 37-2018-00054719-CU-PP-NC

**STIPULATION AND (~~PROPOSED~~)
ORDER AMENDING AND RESTATING
TERMS OF APPOINTMENT OF THE
HONORABLE WILLIAM MCCURINE,
JR. (RET.) AS REFEREE PURSUANT TO
C.C.P. SECTION 638(a)**

14 | Petitioners,

15 | v.

16 | DAVID M. PETERS, an individual; and
DOES 1-10, inclusive,
17 |

Date:
Time:
Dept: N-27

18 | Respondents.

Honorable Jacqueline M. Stern

19 |

Action Filed: October 29, 2018

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

P:01283164:60493.006

37-2018-00054719-CU-PP-NC

STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

1    Petitioners Zachary R. Smith, James R. McCormick, Kyle E. Lakin and Christina Baine

2   Dejardin (collectively, referred to as "Petitioners"), and Respondent David M. Peters

3   ("Respondent" and together with Petitioners, the "Parties"), along with Intervenor/Plaintiff Morris,

4   Sullivan & Lemkul, LLP ("MSL") hereby stipulate and agree to amend and restate the Order

5   appointing the Honorable William McCurine, Jr. (Ret.) as Referee (the "Referee" or "Judge

6   McCurine"), pursuant to C.C.P. 638(a), and entered by the this Court on December 7, 2018 (the

7   "Initial Referee Order") and by minute order dated November 15, 2018, as it pertains to MSL.

8          A.    This Stipulation is based upon the following recitals, each identified as a recital

9   pursuant to California Evidence Code Section 622, and are part of this consideration which each of

10  the Parties provides to the others.

11

12         B.    This case pertains fundamentally to the dissolution and winding up of a law

13  partnership, Peters & Freedman, LLP ("P&F"). The Parties' intent in stipulating to appoint Judge

14  McCurine as Referee was to provide him with broad authority to, among other actions, take

15  evidence, decide and issue orders in connection with any "interlocutory dispute" in this action

16  [Initial Referee Order, ¶ 9(a)], as well as to confirm his appointment as arbitrator to hear and

17  decide the Parties' respective claims raised against one another, including MSL's claims as stated

18  in its Complaint in Intervention.

19         C.    In performing his duties as Referee under the Initial Referee Order, Judge

20  McCurine has issued seven separate orders directed to the Parties and pertaining to interlocutory

21  matters directly affecting the dissolution and winding up of P&F (each a "Referee Order" and

22  collectively, the "Referee Orders"). The Referee Orders identify a broad range of activities and

23  tasks ordered by the Referee to be performed by the Parties.

24         D.    The Parties now have identified numerous acts necessary and appropriate regarding

25  P&F's dissolution and winding up, and desire that Judge McCurine supervise and take an active

26  role in such dissolution and winding up, and to decide MSL's claims as stated in its Complaint in

27  Intervention. Additionally, because of the breadth and scope of the Referee Orders, the Parties as

28  well as the Referee, believe it is appropriate to restate and augment the Initial Referee Order to

P:01283164;60493.006                         -2-                         37-2018-00054719-CU-PP-NC

STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

1    reflect the Referee's expanded duties, expanded activities, and the Parties' expectations with

2    respect to P&F's dissolution and winding up.

3         E.          Accordingly, and based upon the foregoing, the Parties stipulate and agree

4    to the following amended and restated order appointing the Honorable William McCurine, Jr.

5    (Ret.) as Referee pursuant to C.C.P. Section 638(a):

6         1.     Pursuant to C.C.P. Section 638(a), Judge McCurine is appointed as referee for

7    interlocutory and related matters in connection with P&F's dissolution and winding up, as well as

8    MSL's claims. Judge McCurine will be compensated at his customary hourly rate, currently $550

9    per hour, with each of the Petitioners and Respondents to be responsible for 50% of such fees and

10   expenses. Fees and expenses pertaining to MSL's claims will be separately and reasonably

11   apportioned to MSL consistent with the Court's November 15, 2018, Minute Order.

12   Notwithstanding the foregoing sentence, following and at the conclusion of the arbitration, Judge

13   McCurine shall have authority to reallocate or respectively apportion such fees and expenses as

14   between the Petitioners, Respondents and any third-party intervenors as he believes is appropriate.

15        2.     The Referee shall preside over and shall have authority to liquidate, reduce the

16   money, and create a fund of all assets, real or personal, of P&F. Except for funds necessary for

17   the operational requirements of P&F during the period within which P&F is in dissolution and

18   prior to formally ceasing activities, the Referee will have the option, but not the obligation, of

19   placing all bank accounts, cash accounts, and Qualified Settlement Funds, but excluding client

20   trust accounts held and maintained by P&F, in the name of William McCurine, Referee (the

21   "Referee Holding Account"). If and to the extent certain Partnership funds are not deposited into

22   the Referee Holding Account, the Referee's restrictions on access to the funds in the Referee

23   Orders shall remain in effect. The parties will be given an opportunity to be heard by Judge

24   McCurine before actions are taken on any Qualified Settlement Funds.

25        3.     The Referee shall have authority to hire appraisers, auctioneers, liquidators and

26   third parties which he believes in his sole discretion are necessary and appropriate to liquidate,

27   monetize, or otherwise reduce the assets owned by P&F for cash. All such cash received shall be

28   deposited into the Referee Holding Account. The Referee shall maintain adequate and appropriate

P:01283164:60493.006                              -3-                          37-2018-00054719-CU-PP-NC

STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

1    books and records to identify the sources and disposition of all cash received in connection

2    herewith.

3        4.    The Referee shall have the power upon the notice procedure (the "Notice

4    Procedure"), as defined below, to make disbursements from the Referee's account to third parties

5    holding valid claims against P&F.

6        5.    The Referee shall be empowered to employ counsel to aid and assist him in

7    carrying out his duties herein, and the Referee shall be authorized, pursuant to the Notice

8    Procedure (as defined below) to pay invoices of such counsel in the ordinary course of his duties

9    from the Referee Holding Account. The Parties have been informed, and agree that Michael D.

10   Breslauer, Esq., and the firm of Solomon Ward Seidenwurm & Smith, LLP may and shall be

11   retained as the Referee's general counsel in connection with this matter.

12       6.    The following notice procedure (the "Notice Procedure") shall apply with respect

13   to any disbursements of cash from the Referee Holding Account  As needed but not more

14   frequently than twice per calendar month, the Referee shall provide written notice to the parties

15   through their respective counsel of his intention to pay monies out of the Referee Holding

16   Account. Such notice shall identify the name of the proposed payee, the amount, and shall

17   provide a brief description of the basis for such payment. Any Party may request a copy of the

18   underlying invoice or documents supporting such payment, and the Referee shall within 2

19   business days of receipt of such request provide copies of such invoices to a requesting party. The

20   Parties shall have 10 calendar days from the date of service of such notice to deliver to the Referee

21   and the Referee's counsel written objections of such disbursement. Upon receipt of an objection,

22   the Referee shall withhold making such disbursement(s) and thereafter may appear on an ex parte

23   basis before the Superior Court to obtain resolution of a contested proposed distribution.  The

24   failure to object to any proposed distribution shall be deemed as a waiver of any and all objections

25   to the propriety and/or correctness of such proposed distribution.  Notwithstanding anything stated

26   herein to the contrary, a Party's failure to object to a disbursement in the winding up phase of the

27   dissolution shall not preclude a Party from later asserting that the disbursement should be charged

28   against another Party in the subsequent arbitration proceeding.

P:01283164;60493.006                    -4-                    37-2018-00054719-CU-PP-NC
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

7.   The Referee shall publish a notice of dissolution and request for claims asserted against P&F and to set a "claims bar deadline," providing third parties with not less than 30 days' notice of the time within which such parties must file claims against P&F.

8.   Nothing in this Stipulation and Order shall require or authorize the Referee to commence litigation, prosecute or defend claims made by or against P&F, but the Referee shall have authority to assign as between the parties the responsibility for such prosecution or defense, and shall determine the value or exposure, as the case may be, for such claims in the context of and in connection with an overall resolution between the Parties.

9.   As an aid to and integral to the performance of the foregoing tasks, Judge McCurine shall have the power to (a) take evidence, decide and issue orders in connection with any matter described herein or any matter that is reasonably related to the matters described herein; (b) issue sanctions or other relief in his discretion as needed to enforce any of his orders; (c) award attorneys' fees and costs or other sanctions where appropriate; (d) pursuant to Section 638(b), make reports periodically to the court of his decisions and orders within a reasonable time if requested by the court or one of the Parties; and (e) have all other powers conferred upon a referee in a civil action pursuant to Section 638.

10.   Judge McCurine is also appointed and shall serve as the arbitrator to resolve the entire controversy between Petitioners and Respondent and render an award pursuant to C.C.P Section 1283.4.

11.   As it pertains to MSL's claims, Judge McCurine's authority shall be limited to that of a referee in accordance with section 638 of the Code of Civil Procedure.

WHEREFORE, the Parties by and through their respective counsel of record, hereby agree to the foregoing and request that such terms be adopted as the order of the Court.

**IT IS SO STIPULATED.**

P:01283164:60493.006                    -5-                    37-2018-00054719-CU-PP-NC

STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

1   DATED:  April ___, 2019          SOLOMON WARD SEIDENWURM & SMITH, LLP

2

3                                    By:

4                                        MICHAEL D. BRESLAUER
                                         Attorneys for Referee the Honorable WILLIAM
                                         MCCURINE, JR., (Ret.)

5

6   DATED:  April 26, 2019           RAVIN GLOVINSKY LLP

7                                    By:

8                                        WILLIAM W. RAVIN
                                         Attorneys for Respondent DAVID M. PETERS

9

10  DATED:  April 26, 2019           BURKHALTER KESSLER CLEMENT & GEORGE, LLP

11                                   By:

12                                       ALTON G. BURKHALTER
                                         JOSHUA A. WALDMAN

13                                       Attorneys for Petitioners ZACHARY R. SMITH, JAMES
                                         R. MCCORMICK, KYLE E. LAKIN, and CHRISTINA

14                                       BAINE DEJARDIN

15

16  DATED:  April 26, 2019           VIVOLI SACCUZZO, LLP

17                                   By:

18                                       JASON P. SACCUZZO
                                         Attorneys for Intervenor/Plaintiff

19                                       MORRIS, SULLIVAN & LEMKUL, LLP

20

21

22

23

24

25

26

27

28
    P:01283164:60493.006                              -6-                    37-2018-00054719-CU-PP-NC
    STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
    WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

1

## ORDER

2    Pursuant to the Stipulation, and for good cause shown, it is hereby ordered that the

3    forgoing Stipulation is adopted in its entirety as the order of this Court:

4

5    **IT IS SO ORDERED.**

6

7

8    Dated: May 1, 2019

     HONORABLE JACQUELINE M. STERN
     JUDGE OF THE SUPERIOR COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P:01283164:60493.006                              37-2018-00054719-CU-PP-NC
                                    -7-
STIPULATION AND (PROPOSED) ORDER MODIFYING TERMS OF APPOINTMENT OF THE HONORABLE
WILLIAM MCCURINE, JR. (RET.) AS REFEREE PURSUANT TO C.C.P. SECTION 638(a)

# EXHIBIT "D"

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## NORTH COUNTY

### MINUTE ORDER

DATE: 10/09/2020                     TIME: 01:30:00 PM        DEPT: N-27

JUDICIAL OFFICER PRESIDING: Jacqueline M. Stern
CLERK:  Michael Garland
REPORTER/ERM: Laura Longarini, CSR No.  12384
BAILIFF/COURT ATTENDANT:

CASE NO: 37-2018-00054719-CU-PP-NC   CASE INIT.DATE: 10/29/2018
CASE TITLE: **SMITH vs PETERS [IMAGED]**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Petition - Partnership & Corporate governance

**EVENT TYPE**: Motion Hearing (Civil)

**APPEARANCES**
Joshua A. Waldman, counsel, present for Defendant,Petitioner(s) telephonically.
David M Peters, counsel, present for Defendant,Respondent(s) telephonically.
Michael D. Breslauer appears (telephonically) on behalf of Referee, The Hon. William McCurine, Jr.

The Court hears oral argument and confirms the tentative ruling as follows:

The Honorable William McCurine, Jr. (ret.) (the "Referee")'s motion to amend and restate the order appointing him as the referee and arbitrator in this matter is **granted**. *See* Cal. Code Civ. P. § 638(a).

Defendant David M. Peters ("Defendant")'s opposition is unavailing. He identifies myriad issues concerning, *inter alia*: (1) purported improprieties in the dissolution process; (2) alleged misrepresentations made to the court, the State Bar of California, and the California Secretary of State; (3) supposed noncompliance with State Bar rules; and (4) the Referee's attorney's fees to date. However, Defendant cites no authority and provides no cogent analysis for why the motion should be denied.

Good cause appearing, the court further amends and restates the May 1, 2019 Stipulation and Order Amending and Restating Terms of Appointment of The Honorable William McCurine, Jr. (ret.) as Referee Pursuant to C.C.P. Section 638(a) (ROA No. 74) (the "Amended and Restated Order") as follows:

Paragraph 2 of the Amended and Restated Order shall be amended to read: "The Referee shall preside over and shall have exclusive authority to liquidate, reduce to money, and create a fund of all assets, real or personal, of P&F. Except for funds necessary for the operational requirements of P&F during the period within which P&F is in dissolution and prior to formally ceasing activities, the Referee will have the option, but not the obligation, of placing all bank accounts, cash accounts, and Qualified Settlement Funds, but excluding client trust accounts held and maintained by P&F, in the name of William

DATE: 10/09/2020                     MINUTE ORDER                     Page 1
DEPT: N-27                                                            Calendar No.