TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

Debtor: David Michael Peters ("Debtor")

Number: 23-00105-MM7

Hearing: 10:00 AM Thursday, August 10, 2023

Motion:   MOTION FOR ORDER EXTENDING TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR FILED BY CHAPTER 7 TRUSTEE LEONARD J. ACKERMAN ("TRUSTEE")

MOTION FOR ORDER EXTENDING TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND DISCHARGEABILITY OF DEBT FILED BY ZACHARY R. SMITH, JAMES R. MCCORMICK, JR., CHRISTINA BAINE DEJARDIN and KYLE E. LAKIN (COLLECTIVELY "PARTNERS")

## Background

Debtor filed a Chapter 11 bankruptcy case on January 20, 2023. Debtor's case was converted to a Chapter 7 on April 11, 2023, after Debtor's former partners sought dismissal or conversion of the case. Trustee was appointed on April 11, 2023.

Each of Trustee and partners requests an order extending the time to object to the discharge of Debtor as governed by Fed. R. Bankr. P 4004(b). Both Motions are supported by declarations of the parties. Partners also seek an extension of time to object to the nondischargeability of the debt they are owed as governed by Fed. R. Bankr. P 4007(c).

## Trustee's Motion

Trustee seeks an extension of the time to object to discharge to October 17, 2023. He as moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. *See In re Stonham*, 317 B.R. 544, 547 (Bankr. D. Colo. 2004) (interpreting the "for cause" exception in Rule 4007(c) which limits the time to file a dischargeability complaint). The same standard has been applied to motions for additional time under Rule 1017(e)(1). *In re Molitor*, 395 B.R. 197, 205 (Bankr. S.D. Ga. 2008). The term "cause" for an extension is "narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's 'fresh

start'". *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citations omitted); *Banco Cooperativo de P.R. v. Herrera (In re Herrera),* 589 B.R. 444, 452 (B.A.P. 1st Cir. 2018). The movant's burden of proof cannot be "satisfied with only a scintilla of evidence." *Stonham*, 317 B.R. at 547. The movant seeking an extension of time for cause must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *Molitor*, 395 B.R. at 205 (citing *Stonham*, 317 B.R. at 547). Trustee cites only one case, *In re Farhid,* 171 B.R. 94, 96 (N.D. Cal. 1994) (extension denied where no explanation of diligence was provided).

Prejudice is in essence presumed under the law. The relatively brief deadlines for objections relating to chapter 7 relief are there to encourage expeditious administration of the case. The short deadlines "give debtors some degree of certainty in the process of obtaining a discharge." *In re Chamness*, 312 B.R. 421, 423 (Bankr. D. Colo. 2004). "A Chapter 7 bankruptcy discharge entitles a debtor to a 'fresh start,' therefore, the debtor has an interest in the prompt resolution of all discharge issues." *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996)

Trustee contends Debtor has not complied with court orders and has not been cooperative in responding to Trustee's and the United States Trustee's requests for information. Trustee contends Peters will not be prejudiced by the extension without detail. No explicit statement of his diligence was provided; nor was any explanation of what claims for denial of discharge are at issue. Potential bases for discharge objection under §§ 727(a)(2)(B) and (6) can be gleaned from Trustee's papers, however. Trustee has identified specific information that was not provided despite Debtor's legal obligation to do so.

Debtor opposes the extension, claiming he would be prejudiced by the extension and that this bankruptcy case need not even have been filed because he disputes Partner's claims and that of the Receiver. He also complains generally about Trustee's actions taken in other aspects of the bankruptcy case. What Debtor does not do is demonstrate how he provided the information he is legally obligated to provide to Trustee. Any prejudice he suffers is self-inflicted due to his failure to cooperate.

For this first request for an extension by Trustee, the court finds cause because this information must be provided. Although if Trustee seeks a further extension is requested, more detail must be provided in the next motion to meet the legal standard. The time for the extension must be addressed at the hearing. Trustee should not rest on Debtor's inadequate pleadings given his citation to only one case dealing with the substance rather than procedure of his Motion, *Farhid,* 171 B.R. at 96 which did not support his position in any event.

**Partner's Extension Request**

Partners' request is more detailed.

As to the extension of time to object to discharge under Rule 4004, Partners assert:

> Debtor has refused to cooperate with the U.S. Trustee's and Chapter 7 Trustee's repeated requests for information and the production of documents related to his financial affairs. [Smith Decl., ¶ 12; Schroedter Dec., ¶ 5; and Doc. No. 260-1.] He has refused to cooperate with the Chapter 7 Trustee's inquiries regarding the transfers to his sister. [Doc. Nos. 243 and 260-1.] He has refused to cooperate with the Trustee's sale and management of estate real property. [Doc Nos. 220, 229, 233, 234, 238, 242, and 260-1.] He has refused to cooperate and is belligerently defiant in his section 341(a) meeting of creditors to the point that it has been continued four times. [Smith Decl., ¶ 12; Schroedter Decl., ¶ 6; and Doc. No. 260-1.]
>
> He has refused to cooperate with the Chapter 7 Trustee's administration of the estate such that the Trustee has been forced to repeatedly seek judicial intervention. For example, the Chapter 7 Trustee filed motions for the turnover of Debtor's residence and office to the Trustee as he refused to do so [Doc. Nos. 220 and 234], to retain brokerage firms to sell the real property [Doc. Nos. 220, 229, 233 and 238], to retain professional management firms to manage the real property [Doc. No. 229, 238, and 242], to turn over Debtor's annuity to the Trustee [Doc. No. 222], to take Debtor's sister's Rule 2004 examination as neither Debtor nor his sister will cooperate in the Trustee's inquires [Doc. No. 243], and for approval to settlement an estate cause of action against Debtor's previous attorneys [Doc. No. 191]. Debtor's response was to threaten the Chapter 7 Trustee and his attorney will a civil action. [Doc. No. 244.]

These facts present cause to grant an extension of time to object to discharge. The court is uncertain whether the requested time of six months is appropriate which will be addressed at the hearing.

As to the extension of time to object to discharge under Rule 4007, Partners assert they hold an approximate $15 million arbitration award pending confirmation by the state court for claims including fraud, breach of fiduciary duty and embezzlement. They contend that resolution of the two malpractice claims pending against the Debtor and

the Partnership must first be resolved before the dissolution and award confirmation can occur which will delay the entry of a final judgment confirming the award. The potential preclusive effect of any action brought under §§ 523(a)(2)(A), (a)(4), and (a)(6) must await a final judgment and could reduce needless attorneys' fees and costs. See e.g., *In re Plyam,* 530 B.R. 456 (B.A.P. 9th Cir. 2015). If this estate is solvent, the litigation might be obviated in any event.

## Conclusion

Both Motions will be granted with the time for the extension addressed at the hearing.

All hearings in Chapter 7 cases, Chapter 11 cases, and adversary proceedings will be conducted in person at the court. Any party may request a Zoom appearance for good cause and must make the request by contacting the Courtroom Deputy for Dept. 1 at (619) 557-7407. Any party appearing by Zoom must review the Chamber's Guidelines for doing so.