TENTATIVE RULING
ISSUED BY JUDGE MARGARET M. MANN

Bankruptcy Case Name: David Michael Peters

Bankruptcy Number: 23-00105-MM7

Hearing: Thursday, October 5, 2023 at 10:00 a.m.

Motion: TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF CLAIMS (re: SETTLEMENT WITH RAVIN GLOVINSKY, LLP)

Chapter 7 Trustee Leonard J. Ackerman ("Trustee") seeks an order ("Motion") authorizing and approving the settlement ("Settlement") of a case filed by Debtor David Michael Peters ("Peters") against Ravin Glovinsky, LLC, William Ravin, and Jason Glovinsky (collectively "R&G"), San Diego Superior Court Case No. Case No. 37-2020-00020718-CU-PN-CTL ("Lawsuit"). Only Peters, but no creditors, filed an opposition to the Motion.

The Motion is GRANTED since it is well supported with the necessary facts.

## Background

The court had earlier denied approval of the Settlement without prejudice in a tentative ruling ("Ruling") because it could not assess the probability of success in the Lawsuit. The background of the case was detailed in the Ruling. Doc. 245.

As stated in the Ruling, to determine whether the settlement is fair, reasonable, and adequate, the court must determine: "(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). Specifically, the court must "apprise itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity." *United States v. Alaska National Bank (In re Walsh Const., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).

The Motion contains extensive detail about the merits of the Litigation, which is the only one of the four *A & C* factors raised by Peters in his opposition. Peters claims he can demonstrate a probability of prevailing on the merits of his Lawsuit against R&G because it failed to immediately recognize that Peters's former law partnership had

been terminated as a legal entity for failing to file a necessary form with the Secretary of State. Peters claims the termination would have ended the dissolution proceedings of the partnership and saved him the costs of that proceeding and Judge McCurine's roughly $15 million award against Peters. Trustee points out that even if R&G erred, Peters fails to challenge the other elements of a viable malpractice claim, including causation under the applicable standard. Trustee also notes that a termination of a partnership as a legal entity does not stop the winding up process.

The court "need not rule upon disputed facts and questions of law, but only canvass the issues. A mini trial on the merits is not required." *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (9th BAP 1997) (citations omitted). Otherwise, "there would be no point in compromising; the parties might as well go ahead and try the case." *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008) (citation and quotation marks omitted). The Trustee has supported his business judgment in entering into the Settlement and it will be approved.

The court sees no need for oral argument on this matter and the hearing will be taken off calendar. Trustee is to upload an order granting the Motion.