CSD 1001C [07/01/18]

Name, Address, Telephone No. & I.D. No.

Gary E. Slater (State Bar No. 99141)
Timothy J. Truxaw (State Bar No. 106428)
SLATER & TRUXAW, LLP
15373 Innovation Drive, Suite 210
San Diego, CA  92128
Telephone: (858) 675-0755/Fax: (858) 675-0733
Attorneys for Leonard J. Ackerman, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

Order Entered on April 16, 2024
by Clerk U.S. Bankruptcy Court
Southern District of California

In Re

DAVID MICHAEL PETERS,

Debtor.

**LODGED**

BANKRUPTCY NO. 23-00105-CL7

Date of Hearing: April 11, 2024
Time of Hearing: 2:00 p.m.
Name of Judge: Hon. Christopher B. Latham

# ORDER ON
### Chapter 7 Trustee's Motion for Authority to Sell Real Property (308 Flores De Oro, Rancho Santa Fe, CA 92067) Free and Clear of Certain Liens and Interests

The court orders as set forth on the continuation pages attached and numbered 1 through 5 with exhibits, if any, for a total of 6 pages.  Notice of Lodgment Docket Entry No. 823 .

//
//
//
//
//
//
//

DATED: April 16, 2024

_____
Judge, United States Bankruptcy Court

ORDER ON Chapter 7 Trustee's Motion for Authority to Sell Real Property (308 Flores De Oro, Rancho Santa Fe, CA 92067) Free and Clear of Certain Liens and Interests
DEBTOR: DAVID MICHAEL PETERS

CASE NO: 23-00105-CL7

---

Leonard J. Ackerman, Trustee ("Trustee") moved this Court for an order authorizing the Trustee to sell free and clear of liens and interests pursuant to 11 U.S.C. § 363(f) (ECF #823, et seq., filed March 26, 2024, the "Sale Motion") property of the bankruptcy estate ("Estate") as defined by 11 U.S.C. § 541, which property and improvements thereon are located at and commonly known as 308 Flores De Oro, Rancho Santa Fe, San Diego County, CA 92067, also known as San Diego County Assessor's Parcel Nos. 265-422-12-00 and 265-422-17-00 (the "Property"). The Trustee filed his Ex Parte Application for Order Shortening Time with this Court on or about March 26, 2024, as ECF# 822, et seq. An Order Shortening Time was entered on March 27, 2024 (ECF #825) pursuant to which an Amended Notice of Hearing and Motion (ECF #832) was filed and served on March 28, 2024, which Notice called for any responses to the Sale Motion to be filed and served not later than April 8, 2024. A Non-Opposition to the Sale Motion (ECF #834) was filed by the Wells Fargo Bank, N.A. on March 29, 2024. Creditor and Party In Interest, Janet Peters, filed her Response to the Sale Motion (ECF #842) on April 4, 2024. Creditor Cui and Kang Family Trust filed its Opposition to the Sale Motion (ECF #843 to 843-3, inclusive) on April 8, 2024. On April 9, 2024, debtor David M. Peters filed his Declaration in Opposition to the Sale Motion (ECF #844) after expiration of the response deadline. On April 10, 2024, the Trustee's counsel filed and served the Trustee's Reply and supporting reply pleadings (ECF # 846, through 846-4, inclusive) to all of such responsive pleadings. On April 10, 2024, counsel for creditors Zachary R. Smith, James R. McCormick, Jr., Christina Bain DeJardin and Kyle E. Lakin filed such Creditors' Joinder in the Trustee's Sale Motion (ECF #847).

On or about April 10, 2024, the Court issued its Tentative Ruling (ECF #845) where the Court stated its intent to hear the matter and made related preliminary comments regarding the Sale Motion. On April 11, 2024, at 2:00 p.m., in Department 5 of the Court, the Honorable Christopher B. Latham, Presiding Judge of the Court presiding, the Sale Motion came on regularly for hearing. Appearances of counsel for all moving, responding and other interested parties were made as provided in the Court's record. The Debtor and the Trustee each appeared and were present in the courtroom.

Based on the pleadings filed by the Trustee, as enumerated above, and the records and files in this bankruptcy case, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, as follows:

1. The above-named Debtor, all creditors and parties-in-interest of this Estate were regularly served on March 28, 2024 (ECF #832), with the Amended Notice of Hearing and Motion for the Sale Motion.

2. Having given due consideration to the Sale Motion, the record (including without limitation all responsive, reply and joinder pleadings referred to hereinabove) and proceedings in the above-captioned case:

   a. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to approve the sale of the Property which is the subject of the Notice. Title shall be transferred to Philip Bosch, Trustee, and Mary Bosch, Trustee, and/or their permitted assignee, as buyers (together, "Buyer"), and as the Trustee shall instruct escrow (as defined below) and title, and shall be free and clear of all monetary liens (except those to be paid out of escrow, as desribed below) and subject to any easements, agreements, resolutions, covenants, conditions and restrictions, as identified in this Order. The Court also has jurisdiction to authorize the Trustee, Leonard J. Ackerman, to close and consummate the sale of the Property. The sale of the Property shall be subject to the protections afforded bankruptcy trustees and court-ordered sales pursuant to California Civil Code Section 1102.2(b). The Trustee, on behalf of the Estate, is authorized to enter into and perform in accordance with the purchase agreement and any other amendments to escrow to which the Seller and the Buyer agreed and agree (which agreement is referred to herein as the "Agreement"). The Sale Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (0). The statutory predicates for the relief requested in the Notice are 11 U.S.C. §§ 105 and 363, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004 and 9014.

   b. The Property is situated in Rancho Santa Fe, County of San Diego, State of California, described as and commonly known as: 308 Flores De Oro, Rancho Santa Fe, San Diego County, California 92067, as further described herein. A complete copy of the legal description for the Property is attached hereto as Exhibit "A."

   c. Record title to the Property is vested in:

   David M. Peters and Janet M. Peters, Co-Trustees, or their named Successor Trustees, of the David M. Peters and Janet M. Peters Family Trust executed on September 20, 2010.

   d. As set forth in the Amended Notice of Hearing and Motion filed with this Court on March 28, 2024 (ECF # 832), the Sale Motion was duly served on (a) the Debtor, (b) all creditors and interested parties, (c) each entity known to the Trustee to assert a lien, encumbrance or other interest in, or claim to, the Property to be affected by this Order, and (d) the Office of the United States Trustee, all in accordance with applicable Bankruptcy Rules 2002 and 6004.

Signed by Judge Christopher B. Latham April 16, 2024

CSD 1001C [07/04/48] (Page 3)
Case 23-00105-CL7    Filed 04/26/24    Entered 04/26/24 23:53:37    Doc 864-1    Pg. 3 of 7

ORDER ON Chapter 7 Trustee's Motion for Authority to Sell Real Property (308 Flores De Oro, Rancho Santa Fe, CA 92067) Free and Clear of Certain Liens and Interests
DEBTOR: DAVID MICHAEL PETERS

CASE NO: 23-00105-CL7

  e. The Sale Motion complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules; fully and adequately described the relief requested in the Sale Motion and set forth the means by which all documentation supporting the Sale Motion (including the title report referenced below) could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Notice.

  f. The Property is allegedly subject to the liens, encumbrances and other interests of record as set forth in the Amended Preliminary Report (the "Title Report"), dated March 6, 2024, issued by Ticor Title Company of California pursuant to its Title Order No. 00945294-002-CC1.  According to the Title Report the following liens of record exist on the Property:

  1. Trust Deed: That certain deed of trust dated December 16, 2011, in the original amount of $500,000.00 wherein David M. Peters and Janet M. Peters, Co-Trustees, or their named Successor Trustees, of the David M. Peters and Janet M. Peters Family Trust executed on September 20, 2010, were identified as the borrower.  The original lender and the current beneficial interest of this deed of trust is in the name of Wells Fargo Bank, N.A., which was recorded on January 9, 2012, as instrument number 2012-0012053 of the Official Records of San Diego County.  The Trustee will pay all sums due and owing under the Wells Fargo Bank lien through close of escrow.

  2. Homestead Declaration executed by Janet M. Peters dated June 16, 2022, with a recording date of June 30, 2022, Recording No. 2022-0270484 of Official Records. The Trustee will sequester and will not distribute any homestead exemption proceeds to the debtor or to Janet Peters pending a final order of the Court determining their respective claims thereto and any related surcharge claims.

  3. Six (6) Writ of Execution levies in favor of Zachary R. Smith, et al., in San Diego Superior Court, Case No. 37-2018-00054719-CU-PP-NC, in the sum of $10,657,608.76, Recording Date: December 5, 2022, Document Nos. 2022-0458368, 2022-0458371, 2022-0458374, 2022-0458376, 2022-0458377 and 2022-0458378 of Official Records of San Diego County. The Trustee has determined that these are unsecured claims as evidenced by the Amended Proof of Claim filed by this Creditor on or about August 3, 2023. Chicago Title and Lawyers Title is specifically authorized to pay no sums towards the Writ of Execution levies through escrow. Ticor Title may treat the lien in favor of the six Writ of Execution levies identified above as having been expunged from the Official Records of San Diego County and shall pay no sums towards the exception of record.

  4. South Pointe Farms Homeowners Association - Notice of Delinquent Assessments and Lien Payable to the Owners Association Per Declaration recorded on May 19, 2023, as Document No. 2023-0131383. Delinquent assessments and lien payable to HOA to be paid from escrow.

  5. Olivenhain Municipal Water District Unpaid Water Charges – Lien recorded on December 6, 2023, as Document No. 2023-0336159.  Sums, if any, remaining due and unpaid and secured by this lien will be paid from escrow to Olivenhain Municipal Water District, if not already paid prior to the closing.

  6. Property Taxes: Any 2023-2024 Installments will be paid from escrow plus any additional outstanding property taxes due and secured by a lien on the Property.

  g. Within the meaning of 11 U.S.C. § 363(f)(1), applicable nonbankruptcy law permits the sale of the Property free and clear of any and all interests of lien holders in the Property, including, without limitation, those liens, encumbrances or interests of such party listed in Paragraph 2(f) above.  Escrow shall pay nothing upon the liens described in Paragraph 2(f)(2) and 2(f)(3) above and Escrow and the Ticor Title Company shall be held harmless from failing to do so.

  h. Within the meaning of 11 U.S.C. § 363(f)(3), the purchase price of the Property is greater than the aggregate value of the voluntary liens on the Property and the secured creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their secured liens.

  i. The Trustee has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case.

  j. The Trustee is authorized to sell the Property by private sale for $4,400,000.00 to Buyer as further provided herein. Title shall be transferred to Buyer free and clear of any and all monetary liens, as mentioned above in Pargraphs 2f and 2g, but shall be subject to any easements, agreements, resolutions, covenants, conditions and restrictions which are more particularly described in the Title Report.

Signed by Judge Christopher B. Latham April 16, 2024

CSD 1001C [07/04/48] (Page 4)  Case 23-00105-CL7  Filed 04/26/24  Entered 04/26/24 23:53:37  Doc 864-1  Pg. 4 of 7

ORDER ON Chapter 7 Trustee's Motion for Authority to Sell Real Property (308 Flores De Oro, Rancho Santa Fe, CA 92067) Free and Clear of Certain Liens and Interests
DEBTOR: DAVID MICHAEL PETERS

CASE NO: 23-00105-CL7

  k. The sale to Buyer was not subject to overbid. A formal escrow respecting the sale has been opened at Ticor Title Company, 2275 Rio Bonito Way, Suite 160, San Diego, California 92108 ("Escrow").

  l. The Purchaser is unrelated to the Debtor and the Trustee. The Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the Agreement, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n). Accordingly, upon consummation of the sale transaction contemplated by the Agreement, the Purchaser is a buyer in "good faith" within the meaning of 11 U.S.C. § 363(m), and, as such, is entitled to the protections afforded thereby.

  m. The terms and conditions of the sale transaction as provided for in the Purchase Agreement are fair and reasonable; entry into the Purchase Agreement on behalf of the Estate is a sound exercise of the Trustee's reasonable business judgment; and, the sale transaction contemplated by the Purchase Agreement is in the best interests of creditors, interest holders and the Estate.

  n. Based on the record in this case, the findings of fact and conclusions of law set forth above and the pleadings and records in this case, pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

  IT IS HEREBY ADJUDGED AND ORDERED that:

  A. The Trustee is authorized to sell the Property as described in the Sale Motion as set forth herein;

  B. The terms, conditions, and transactions contemplated by the Purchase Agreement are hereby approved in all respects, and the Trustee is hereby authorized under 11 U.S.C. §§ 105(a) and 363(b), (c), (f) and (m) to sell the Property free and clear of those liens, claims, encumbrances and interests set forth below to the Purchaser on the terms and conditions provided in the Purchase Agreement for the purchase price of $4,400,000.00.

  C. The Trustee is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreement, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, (3) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering, or transferring the Property as contemplated by the Purchase Agreement, and (4) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of the Court, subject to the protections afforded bankruptcy trustees pursuant to California Civil Code Section 1102.2(b);

  D. The sale of the Property shall be free and clear of the ownership interests of the Debtor, his wife, Janet M. Peters, or their family trust and their predecessors and successors in interest; any unrecorded equitable or legal interests in the Property asserted by any person or entity, or their respective predecessors and successors in interest, unless such interests would be superior to the rights of the Trustee under 11 U.S.C. § 544(a)(3); the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Property; and the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, evidenced by the liens, encumbrances and interests of record.

  Except as authorized for payment below and to the extent not completely satisfied as a matter of applicable law, each lien, encumbrance or interest identified above shall attach, as adequate protection to the holder thereof pursuant to 11 U.S.C. § 363(e), to the net proceeds of sale, after (i) payment of all costs of sale, and (ii) satisfaction of those liens and encumbrances authorized for payment hereby, with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property, subject to any and all defenses, offsets, counterclaims and/or other rights of any party relating thereto. The Trustee will verify that any sums due and necessary to fully satisfy liens held by Wells Fargo Bank, the South Pointe Farms Homeowners Association, and Olivenhain Municipal Water District have been or are fully paid at close of escrow.

  E. The Trustee is hereby authorized to pay directly from the escrow all amounts due which are secured by the following liens, encumbrances and obligations:

    1. All sums due (if any) as of close of Escrow respecting the above-described liens in favor of Wells Fargo Bank, South Pointe Farms Homeowners Association, Olivenhain Municipal Water District, and real estate taxes secured by a lien against the Property accrued through and prorated as of the close of Escrow;

Signed by Judge Christopher B. Latham April 16, 2024

       2.      Seller's share of escrow fees, title fees, governmental transfer fees, document preparation fees, homeowners association dues (if any), recording fees, and related costs of sale and closing (Escrow Agent's fees are to be split equally between Purchaser and the Seller);

      F.      At the close of escrow of the sale approved by this Order, the Trustee is authorized to pay from the sale proceeds a broker's commission in the sum of $220,000.00 (5% of the sale price) to be split equally between the Sellers' agent, Christie Golemb, Realtor, at Coldwell Banker West, and Buyer's agent, Prentiss Van Den Berg, at Compass, as more particularly desctribed in the Purchase Agreement.

      G.      This Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith; (2) compel delivery and payment of the consideration provided for under the Purcahse Agreement; (3) resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement and; (4) interpret implement, and enforce the provisions of this Order;

      H.      No full or partial reconveyances, lien releases, lis pendens withdrawals, full or partial releases, or satisfactions of judgment shall be required to be executed by any of the lienholders described in the Title Report pursuant to this Order to sell the subject property. This Order, once recorded, shall suffice for that purpose;

      I.      The stay provided in Bankruptcy Rule of Procedure 6004(h) is hereby waived, as requested in the Sale Motion.

      J.      Pursuant to 11 U.S.C. § 363(m), absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order, or any provision thereof, shall not affect the validity of the sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal; and

      K.      The validity of the sale approved hereby shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

      L.      For the reasons stated on the record of the hearing per the request of moving party, the requirements of LBR 7054-3 are hereby modified to shorten the response deadline to three (3) Court Days following the date of electronic service of the Notice of Lodgment of the Lodged Order; that is, if electronic service of the Lodged Order occurs on April 11, 2024, the last day for any interested party to file any objection to the Lodged Order and to otherwise comply with LBR 7054-3(c) shall be April 16, 2024.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham April 16, 2024

| | |
|---|---|
| PRELIMINARY REPORT<br>YOUR REFERENCE: | Ticor Title Company of California |

# EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 21 AND THAT PORTION OF LOT 22 OF COUNTY OF SAN DIEGO TRACT NO. 3713, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 9141, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 28, 1979, MORE PARTICULARLY DESCRIBED IN WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHWESTERLY CORNER OF SAID LOT 21; THENCE ALONG THE NORTHERLY LINE THEREOF, SOUTH 82°30'10" EAST, 869.98 FEET TO THE NORTHEASTERLY CORNER OF SAID LOT 21, BEING A POINT ON THE SIDELINE OF SOUTH POINT LANE, ALSO BEING A POINT ON THE ARC OF A NON-TANGENT 48.00 FOOT RADIUS CURVE, CONCAVE NORTHEASTERLY, A RADIAL LINE TO SAID POINT BEARS SOUTH 83°59'48" WEST; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 56°29'43" A DISTANCE OF 47.33 FEET TO THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE CONTINUING SOUTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 03°33'25", A DISTANCE OF 3.00 FEET; THENCE LEAVING SAID SIDELINE AND SAID CURVE, SOUTH 37°15'47" WEST, 125.81 FEET; THENCE SOUTH 43°58'34" WEST, 46.21 FEET TO THE BEGINNING OF A TANGENT 185.00 FOOT RADIUS CURVE, CONCAVE NORTHWESTERLY; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 38°53'35", A DISTANCE OF 125.58 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 82°52'09" WEST, 61.55 FEET TO AN ANGLE POINT IN THE SOUTHERLY LINE OF SAID LOT 21; THENCE ALONG SAID SOUTHERLY LINE, NORTH 72°36'53" WEST, 682.94 FEET TO THE SOUTHWESTERLY CORNER OF SAID LOT 21; THENCE ALONG THE WESTERLY LINE THEREOF, NORTH 15°38'11" EAST, 150.00 FEET TO THE POINT OF BEGINNING.

SAID LAND PURSUANT TO PARCEL A OF CERTIFICATE OF COMPLIANCE DPL CASE NO. 1998-3710-98-0194 RECORDED DECEMBER 6, 2023 AS INSTRUMENT NO. 203-335314, OF OFFICIAL RECORDS.

APN: **265-422-12-00, 265-422-17-00**

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0974–3 | User: Admin. | Date Created: 4/16/2024 |
| Case: 23–00105–CL7 | Form ID: pdfO1 | Total: 30 |

**Recipients of Notice of Electronic Filing:**
| | | | |
|---|---|---|---|
| tr | Leonard J. Ackerman | | ljabkatty@gmail.com |
| aty | Christine M. Fitzgerald | | christine@thersfirm.com |
| aty | David M. Peters | | 4davidlaw@gmail.com |
| aty | Gary E. Slater | | ges@slatertruxaw.com |
| aty | Gregory P. Campbell | | ch11ecf@aldridgepite.com |
| aty | Ian S. Landsberg | | ilandsberg@sklarkirsh.com |
| aty | Jenelle Arnold | | ecfcasb@aldridgepite.com |
| aty | Jennifer C. Wong | | bknotice@mccarthyholthus.com |
| aty | Kathleen A. Cashman–Kramer | | kcashman–kramer@fennemorelaw.com |
| aty | Kelly Ann Mai Khanh Tran | | kelly@smalllawcorp.com |
| aty | Kenneth S. Kasdan | | kskasdan@kasdancdlaw.com |
| aty | Lane C Hilton | | lane@theRSfirm.com |
| aty | Linda Streeter | | lstreeter@hinshawlaw.com |
| aty | Maggie Schroedter | | maggie@thersfirm.com |
| aty | Michael D. Breslauer | | mbreslauer@swsslaw.com |
| aty | Patricia M Jones | | tjones@wk4law.com |
| aty | Sean C Coughlin | | scc@coughlin–law.com |
| aty | Tim Noon | | tnoon@noonlaw.com |
| aty | Timothy J. Truxaw | | tjt@slatertruxaw.com |

TOTAL: 19

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | |
|---|---|---|
| db | David Michael Peters | P.O. Box 2326    Rancho Santa Fe, CA 92067 |
| cr | Kyle E. Lakin | Robberson Schroedter LLP    c/o Maggie E. Schroedter    501 West Broadway    Suite 1250    San Diego, CA 92101 |
| cr | Christina Baine DeJardin | Robberson Schroedter LLP    c/o Maggie E. Schroedter    501 West Broadway    Suite 1250    San Diego, CA 92101 |
| cr | James R. McCormick, Jr. | Robberson Schroedter LLP    c/o Maggie E. Schroedter    501 West Broadway    Suite 1250    San Diego, CA |
| cr | Zachary R. Smith | Robberson Schroedter LLP    c/o Maggie E. Schroedter    501 West Broadway    Suite 1250    San Diego, CA 921–1 |
| cr | SIMON FREEDMAN | c/o Noonan Lance Boyer & Banach    701 Island Avenue    Suite 400    San Diego, CA 92101 |
| aty | Slater & Truxaw, LLP | 15373 Innovation Drive, #210    San Diego, CA 92128 U.S. |
| cr | Blossom Walk Maintenance Corporation | c/o Wasserman Kornheiser Combs, LLP    7955 Raytheon Road, Suite A    San Diego, CA 92111 UNITED STATES |
| cr | Wells Fargo Bank, N.A. | c/o McCarthy & Holthus, LLP    2763 Camino Del Rio South, Suite 100    San Diego, CA 92108 |
| cr | Cui and Kang Family Trust | 402 W. Broadway, Ste. 1270    San Diego, CA 92101 UNITED STATES |
| aty | Evan C. Itzkowitz | 6420 Wilshire Blvd.    Sixteenth Floor    Los Angeles, CA 90048 |

TOTAL: 11