1  David M. Peters, Esq. (SBN 131788)
   Email: dpeters@oraclelawyers.com
2  **THE ORACLE LAWYERS**
   P.O. Box 2326
3  Rancho Santa Fe, CA 92091
4  Telephone: (760) 415 - 2333

5  Attorneys for Debtor/Debtor, David M. Peters

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 23-00105-CL7 |
|---|---|
| DAVID MICHAEL PETERS,<br><br>Debtor, | **MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (MORNINGSIDE, (4) SMART CORNER, AND A (5) REQUEST FOR AN ORDER THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS _SEPARATE_ REAL PARTY INTEREST, IN ADDITION, TO CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024, NONCHARGEABLE RULING.**<br><br>[*Declaration of Movant\Debtor, David M. Peters in support of Abandonment & Acknowledgement, Points & Authorities, Argument and exhibits*]<br><br>Judge:         Christopher B. Latham<br>Hearing Date:  May 12, 2025<br>Time:          11:00 a.m.<br>Dept:          One (Room 218) |

---

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS _SEPARATE_ REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

1

I.      **DESCRIPTION OF RELIEF SOUGHT**

Movant\Debtor, David M. Peters respectfully moves for an order compelling immediate cessation, followed by formal abandonment of the Chapter 7 Trustee, Slater & Truxaw, LLP and Chris Barclay ("Chapter 7 Trustee Team") specific to the: (1) Morningside, (2) Smart Corner, (3) Arbitration\State Case, and (4) The State Bar of California Client Trust Accounts in the name of Peters & Freedman, L.L.P. and also in the name of Peters & Freedman.

Movant\Debtor, David M. Peters respectfully also moves for an order which formally acknowledges that despite contrary assertions, <u>Debtor, David M. Peters</u> has the right to be and act as ***separate*** <u>Real Party In Interest</u> to the Chapter 7 Trustee, at least, since the February 27, 2024 "*Non-Dischargeable Ruling*."  On February 27, this Court entered Judgment Denying Discharge Debtor [Docket No. 785] incorporating the Finding of Fact and Conclusion of Law in Support of Judgment Denying Discharge to Debtor, **Ex. 1**.  A review of the invoicing which followed the September 6, 2024 2nd *submitted* Award reveals that the Court's February 27, 2024 nondischargeable order highlighting the excess debt to Movant\Debtor which would not be discharged.

II.     **INTRODUCTION\FILING FOR BANKRUPTCY PROTECTION**

On January 20, 2023, the Superior Court of California ("State Court"), Case No. 37-2018-00054719-CU-PP-NC issued[1] its "*Tentative Ruling*", **Ex. 1**, to confirm the "<u>October 26, 2022 *submitted* Arbitration Award</u>" ("1st *submitted* Award") , **Ex.2,** which included *four* (4) separate and distinct portions including:  [I] The December 20, 2020, <u>Amended And Restatement Ruling Re. Respondent Motion For Terminating Sanction</u> ("***TRS No. 1***"), **Ex. 3** [II]; The January 5, 2021,

---

[1] The "Tentative *Ruling*" was published on January 20, 2023.

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

2

Ruling on Respondents' Supplemental Motion for Terminating Sanctions ("***TRS No. 2***"), **Ex. 4**;

[III] the June 27, 2022 Arbitrator's Ruling, **Ex. 5**.; and [IV] the sum of $15,339,614.41.

On January 20, 2023, [Docket No. 1] David M. Peters (Movant\Debtor) filed Chapter 11 Voluntary Petition for Individual Bankruptcy, Sub Chapter V.  The identified cause for Movant\Debtor to file for Bankruptcy protection was the State Court issued *Tentative Ruling* to the October 26, 2022 *submitted* Award".  Of critical importance to this case and also this and other motions to follow, is the legal weight of arbitration rulings\award, is that the October 26, 2022, for 1st *submitted* Award on October 26, 2022, made [1] The December 20, 2020, Amended Terminating Sanction - ***TRS No. 1***, [2] The January 5, 2021, Supplemental Terminating Sanctions - ***TRS No. 2,*** **[3]** the appalling **June 27, 2022 Arbitrator's Ruling** and [4] awarded the of the sum of $15,339,614.41 has no legal weight under the law.

Only and if and when an Arbitration Award is executed by the arbitrator(s) **and** sent to each of the parties and one or more of the parties to the arbitration submits\files the submitted Award to the Court, the legal weight and status of that Award submitted\filed with the Court to rule upon, the status of the award has no more force or effect than "a contract in writing between the parties to the arbitration." [CCP § 1287.6; see *Loeb v. Record* (2008) 162 CA4th 431, 449, 75 CR3d 551, 564.

The next procedural hurdle occurred in this case.  Before the Court rules on a *submitted* Arbitration Award, the Court first must review and determine if the submitted Award is, in fact, an award as proscribed and determine whether the submitted Arbitration Award is, in fact, an award as set forth in Civil Code of Procedure ("CCP") §1283.4. which is a threshold mandated standard imposed by the legislature, intended to protect the public sector; because upon ***confirmation of a***

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST</u>, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

3

*submitted Arbitration Award*, the public sector is stated to have implicitly agreed to accept the burden to enforce a **confirmed** Award, *as written* by the arbitrator.

The burden to assess this risk is tasked the Court to who must: (1) <u>first,</u> determine whether the *submitted* Award, *as written***,** can as a practical matter, be <u>enforced under applicable laws,</u> <u>second</u> (2) is the *submitted* Award, *as written*, is within the parameters that the <u>public sector has implicitly agreed to enforce</u>.

The phrase "***as written***" is key because arbitrations are: (a) completely private, (b) are <u>not</u> required to adhere to Civil code procedures, (c) do not require a written record and (d) are not required to adhere to applicable California and Federal law.   At this point in time, for this case, that gets us to the afternoon of January 19, 2022 in which the *Tentative Ruling* is "published."  To recap, **TRS No. 1**, dated December 2, 2020, **TRS No. 2** dated January 5, 2021, and the **June 27, 2022 <u>Arbitrator's Ruling</u>** had no legal weight under the law until they were submitted on October 26, 2022 to the Court and even then had the legal weight of a contract.

A review of the invoicing revealed, a purported Third Arbitrator Award dated April 17, 2024 which primarily mirrored the non-compliant October 26, 2022 1st *submitted* Arbitration Award ("1st *submitted* Award"), then followed Judge Freeland's comments to "reexamine" the then submitted Award dated October 26, 2022.   As expected, much of the tax attention involves the June 27, 2022 Arbitrator's Award which states in pertinent part:

> <u>Page 8. Lines 3 – 6</u>: Holstrom produced detailed evidence that Peters had paid himself the sum of **$9,915,157** from the partnership's funds. *Ex. 8, Holstrom Report p. 10, ln G22*. Under the Partnership Agreement, Peters was only entitled to **$4,782,319**. *Ex. 8, Holstrom Report p. 10, ln G11*.  However, before the firm's dissolution, Peters embezzled an additional **<u>$5,132,838.00.</u>**

The additional taxes and enhanced tax penalties as January 20, 2023 the sum of eight million three hundred forty five thousand and five hundred eighty dollars **$8,345,580.10** with penalties

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

4

and interest at ten percent (10%), through January 20, 2023. Compliance with the Code of Civil Procedure - CCP § 1283.6

> The neutral arbitrator shall serve a signed copy of the award on each party to the arbitration personally or by registered or certified mail or as provided in the agreement.

### A.   Violation Of Statutes

On April 25, 2024 the Smith Creditors filed a very substantial request for additional consideration, findings and determinations through Rule 13.B.5 Judicate West Commercial Rules which does not comport with the Judicate West rules and violates Code of Civil Procedure ("CCP") § 1286.6 (b). CCP § 1284 notice provisions to all parties CCP § 1286.8 (a). The assumption that the Real Party In Interest abrogates sending the notice the parties is clear error. Suffice to state, there are many circumstances in which party is a Real Party In Interest. Most common, however, is that the notice to ensure that the "parties", presumably with the most knowledge would properly use the timely receipt of awards and corrections, e.g., to inform the Real Party In Interest of needed salient information.

### III.   THE LACK OF LEGAL WEIGHT TO ARBITRATION RULINGS & AWARDS

Arbitrations and these kinds of statements, arguments and rulings, are to remain confidential- these did not! Movant\Debtor as much as he loath the unprecedented publications, while couched as an arbitrator's ruling, in this case, the arbitrator, mostly through the retention of Michael D. Breslauer and Solomon Ward are the sole source of the procured ("evidence") which was then sent to the parties. Questions, inquiries, and the kind of discovery which is expected was barred entirely. The June 27, 2022 Arbitrator's Ruling can only be described appropriately, through redlining and addressing unfathomable determining, the lead of which summarily

---

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

5

terminated the David Peters Buy Out Package Agreement ("Buy Out") in excess of thirteen million dollars $13,000,000.00 and then reapplying the Buy Out monies to partnership, using only partnership agreement as interpreted by the Smith Creditors to Richard Holmstrom, their retained CPA who did not review the Buy Out.

Prior to June 27, 2022, any allegation of financial malfeasance by Movant\Debtor against the partnership or the Smith Creditors was more than seven (7) millions from being possible. However, take away the Buy Out, the Buy Out provisions, sale of Movant\Debtors supermajority partnership interest and then make Zachary R. Smith and Kyle E. Lakin junior partners well before the earliest possible date they could be partners, shazam, Richard Holmstrom's stated opinion is adopted and set forth in the June 27, 2022 as follows:

Of usual significance is the Movant\Debtor "done it", **not** the Smith Creditors which involves the fabrication financial documents, including filed courts and tribunals. The fact-based determination have direct and pervasive impact on the State Bar of California, Morningside and Smart Corner. These financial determinations also involved "expert fees" for large construction defect cases, at issue; and Attorney Client Trust Accounts, both of which are at issue.

The June 27, 2022 Arbitrator's Ruling, nonetheless, devotes close to two (2) pages to address fabricated financials. Movant\Debtor is not directly or indirectly responsible for the fabrication of checks, financial documents, bank withdrawal statements, et. al. However, ample real and truthful documentation has been provided which establishes that James R. McCormick, Jr. and Zachary R. Smith were very involved. A portion of which has been reported to the State Bar of California, Courts and tribunals by Movant\Debtors. The fabrication of financial evidence, like the embezzlement ruling and findings cannot withstand even slight scrutiny.

MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS *SEPARATE* REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.

6

1  The disposition\status of *TRS No. 1, TRS No. 2* and the **June 27, 2022 Arbitrator's Ruling** have daunting findings which have permanent life altering repercussions. Movant\Debtor has been forewarned of the cascade impact which, if and when these indefensible, but astonishing findings as part of an eventual Arbitration Award will be prosecuted.  The amounts at issue and the description of the criminal conduct are to substantial to be bypassed.

For a variety of reasons Movant\Debtor, with the information he had, Movant\Debtor was not successful to establish a foundation to undercut the *TRS No. 1, TRS No. 2* and the **June 27, 2022 Arbitrator's Ruling** for the January 20, 2023 *Tentative Ruling*.   The Smith Creditors, Movant\Debtor and the Referee's Attorney are all acutely aware that the information and evidence needed to more than merely defeat the triple threat, but to outright disseminate the appalling misconduct which allowed it to even occur.  This information became readily available in early 2023.  Most important and surprising is that the only viable defense is to avoid any Court or Tribunals from having cause or basis to address the triple threat, under beyond a reasonable doubt and clear and convincing standards.  For that reason, Movant\Debtor was surprised that the triple threat were again newly made part of the September 6, 2024 2nd *submitted* Award.

The genesis of this motion for abandonment is the fact that the Chapter 7 Trustee Team summarily stipulated to and otherwise agreed on behalf of Movant\Debtors to what is devasting list of serious criminal crimes which Movant\Debtor has repeatedly been apprised would be prosecuted.  A review of the invoicing from Chapter 7 Trustee Team extolls the nexus to this anticipated eventual agreement, including dozens of hearings related to USC 11 U.S.C.A. § 522 (q)Chapter 7 Trustee Team., the storm trooper tactics, taking over and eliminating Movant\Debtors law practice, his computers, files, client files, et. al.   The no notice taking of

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u> REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

7

Movant\Debtor's a handicapped senior citizen, dwelling of more than twenty (20) years. Movant\Debtor suffered permanent injuries.

### III. THE LACK OF LEGAL WEIGHT TO ARBITRATION RULINGS & AWARDS

#### A. The *Tentative Ruling* Afforded Significant Weight To The Award.

The "*legal weight*" afforded to a Superior Court "*Tentative Ruling*" is that of a *rebuttable presumption* that the *Tentative Ruling* which includes TRS No. 1, TRS No. 2, the June 27, 2022 Arbitrator's Ruling, and the monetary amount of $15,339,614.41 would be *substantially* confirmed in the Final Ruling. The duration of a "Tentative Ruling" which is afforded the legal weight of a "*rebuttable presumption*" was January 20, 2023 until **replaced** by the April 25, 2023 Final Ruling. A Final Ruling automatically replaces and subsumes a *Tentative Ruling,* as a matter of law. The fact that courts decide to confirm a *Tentative Ruling* exactly or close to the Final Award is common but does not change the results.

### IV. SMART CORNER, MORNINGSIDE, THE STATE BAR AND STATE CASE

Sometime prior to formal retirement on or before December 3, 2018 Movant\Debtor had determined that he needed to perform a cash reconciliation of the expert fees and expenditures for the large CD cases. The reason was that his cash flow analysis had far more variance than expected. Under the partnership agreement and the buyout, Peters would retire mandatory by December 31, 2018, which states in several places is and by application, i.e. no longer having authority was automatic. The exception was for Movant\Debtor to finish the identified CD case most of which had been occurring since 2012 and 2013. For the record, Movant\Debtor gave notice. Inextricably, was not permitted to present evidence at the arbitration. Assuming he was allowed to testify, he would have provided evidence that he did in fact give notice. As far the statements that the Smith Creditor would have agreed to become partners that is absurd. Enclosed is an exhibit which outlines the timing of the large CD cases.

On February 23, 2023, [Docket No. 54] Maggie Schroedter, on behalf of Christina Baine DeJardin, Kyle E. Lakin, James R. McCormick, Jr., Zachary R. Smith ("Smith Creditors") filed a

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u> REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

8

<u>Motion to Dismiss Bankruptcy Case *or Convert to Chapter 7*</u>.   The Smith Creditors' motion focused on the "*Tentative Ruling"* and the economics it presented for Movant\Debtor to have basis or lack of thereof, to file for Bankruptcy protection, under Chapter 11, Sub-Chapter 5.

Movant\Debtor justification for filing for bankruptcy protection, addressed, as did the Smith Creditors, the presumed $*15,339,614.41 monetary award*.  Movant\Debtor also addressed the overwhelming taxation liability, enhanced tax penalties from the June 27, 2022 Arbitration Award, "embezzlement" findings only possible because the June 27, 2022 also ruled that the David Peters Buy Out Package Agreement" ("Buy Out"), in excess of thirteen millions dollars $13,000,000.00 had been determined forfeit, were part of the January 20, 2023 *Tentative Ruling*.

The October 26, 2022 *submitted* Award, by making, a series of terminating sanctions rulings, part of actual *submitted* Arbitration Award, which summarily decided the outcome of the entirety of State Case by excluding Movant\Debtors from participation in what can only be described as "prove-up" Arbitration, (t*he exception was very restricted token, cross-examination*).   The intent and effort to eliminate Movant\Debtors' involvement and presumed rights and opportunity to countermand baseless fact-based claims is exclaimed and shocking even as set forth in the rulings, which provides as follows:

> It shall be ***irrefutably and conclusively presumed*** that Mr. Peters misappropriated partnership funds. It is also ***irrefutably and conclusively presumed*** that the holders of the deleted accounts would have presented direct, competent, material, and relevant evidence establishing that Mr. Peters misappropriated partnership funds.  Mr. Peters cannot submit any evidence (testimonial, documentary or otherwise) that he **did not misappropriate partnership monies or property**. He cannot present any evidence that he **did not delete the subject emails**. Mr. Peters cannot offer any evidence that the holders/owners of the deleted emails themselves or anyone else deleted the subject email accounts.

The bar from providing contrary and exculpatory evidence is outrageous and effectively

---

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

9

serves as an admission that such evidence existed and could be found.  As addressed more fully in the declaration, it is important to be aware that the entirety of "evidence" that emails had been deleted in 2018 or 2019 provided to Movant\Debtor and Smith Creditors came from one source, Michael D. Breslauer and SWSS, the Referee's Attorneys whose action and knowledge are imputed to the client, Judge McCurine.  Since May 23, 2019, Michael D. Breslauer and SWSS served and maintained as the custodian of records, the entirety of the defunct Peters & Freedman, L.L.P.'s computer records and Accounting Books and Records.

For Movant\Debtor, that important percept of "already litigated" creates daunting barriers to bring issues forth related to ironclad law which are not, and never had been, within the purview of any arbitrator.  Movant\Debtor does not share the judicial deference umbrella, even while Movant\Debtor is pummeled with claims that matters and issues have been litigated in arbitration and the arbitrator has authority and exclusive jurisdiction where it is not possible.  Movant\Debtor's ability to take action inside, and now outside of, arbitration, for a case which started October 29, 2018 and continued through December 6, 2024, have been nil, with the Trustee of the bankruptcy court further denying Movant/Debtor's right to due process outside of arbitration.

V.    **THE APRIL 11, 2023 INVOLUNTARY CHAPTER 7  - FOURTEEN (14) DAYS**

On April 11, 2023, the Smith Creditors petition for Involuntary Chapter 7 was granted.  The catalyst cause for Movant\Debtor's filing for bankruptcy protection, the foundation for the Smith Creditors motion to convert to an Involuntary Chapter 7, was the State Court January 20, 2023, *Tentative Ruling* to confirm the October 26, 2022 *submitted* Award, rebuttably presumed to be confirmed substantial the same in the Final Ruling.  Especially important for this motion is

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS *SEPARATE* REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

10

that <u>No. 1 – No. 4</u> had been expressly included and otherwise made part of the <u>October 26, 2022</u> <u>submitted</u> Award:

    (1)    The December 20, 2020 <u>Amended Ruling For Terminating Sanction</u> **("***TRS No. 1***"**),

    (2)    The <u>January 5, 2021, Ruling On Supplemental Terminating Sanctions</u> ("*TRS No. 2*"),

    (3)    The <u>June 27, 2022 Arbitrator's Ruling</u>; and

    (4)    A monetary award in the amount <u>$15,339,614.41</u>.

On April 25, 2023, the Superior Court of California issued Final Ruling\Minute Order did **<u>not</u>** confirm, in whole or in part, the January 20, 2023 *Tentative Ruling*. Instead, the Court, after further review, determined that the <u>October 26, 2022 *submitted* Award</u> was noncompliant. Section 1283.4 specifies the requisite "form and contents" of an arbitration award, (*Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1137, 221 Cal.Rptr.3d 278 (*Kaiser*).)

The statute provides the "award shall be in writing," "signed by the arbitrators concurring therein," and it "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) "The issuance of an 'award' " meeting the requirements of section 1283.4 "is what passes the torch of jurisdiction from the arbitrator to the trial court." (*Lonky v. Patel* (2020) 51 Cal.App.5th 831, 843–844, 265 Cal.Rptr.3d 482 (*Lonky*), see, e.g., § 1285 ["Any party to an arbitration in which an *award* has been made may petition the court to confirm, correct or vacate the *award*." (italics added)].).

The CCP §1283.4 is a threshold mandated standard imposed by the legislature, intended to protect the public sector, which upon confirmation of a *submitted* Arbitration Award has implicitly agreed to accept the burden to enforce a confirmed Award.

> ". . . it is "incumbent on the trial court, before confirming or vacating what has been deemed an award, 'to ensure that the ... "award" is an "award" within the meaning of

MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u> REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.

11

[section 1283.4].' " (*Kaiser*, at p. 1142, 221 Cal.Rptr.3d 278, quoting *Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 767, 136 Cal.Rptr.3d 763

Because arbitrations are completely private, generally are <u>not</u> required to comply with "civil court procedures", do **not** require a written record, and are **not** required to adhere to applicable California and Federal law, the "task" in simple terms is for the Court to: (1) determine whether the *submitted* Award, **as written,** can as a practical matter, be <u>enforced under applicable laws</u>, and second (2) is the *submitted* Award, **as written**, within the parameters that the <u>public sector has implicitly agreed to enforce</u>.

If an arbitration 'award' does not qualify as an award under section 1283.4, then the [trial] court is deprived of jurisdiction to confirm or vacate it." (*Kaiser,* at p. 1143, 221 Cal.Rptr.3d 278.) The Court, in its April 25, 2023 Final Ruling and the hearing transcript, honed in on lack of "finality" which resulted in the October 26, 2022 *submitted* Award being determined "noncompliant" and\or "deficient" under Civil Code of Procedure ("CCP") §1283.4. A Final Ruling, *as a matter of law*, replaces the <u>prior</u> *Tentative Ruling* which <u>has no further legal weight</u> or <u>separate basis</u> [2] going forward.

As of April 26, 2023, the <u>October 26, 2022 *submitted* Award</u> had been **replaced** and could **never** again exist. Hence, the reference to a "***subsequent***" *submitted* Arbitration Award, the likely possible event for the Court's further involvement. Judge Freeland's April 25, 2023 Minute Order and Final Ruling, states in pertinent part:

> As for the petitions to confirm/vacate the "Arbitration Award," the court indicated that in the since the original hearing . . . the court has reviewed again all papers . . . Having done so, the court noted that, ***contrary to the thoughts articulated in the tentative ruling issued in January 2023*** . . . The court noted that in the absence of an "award," as that term is defined by California Code of Civil Procedure section 1283.4, <u>the court</u>

---

[2] This percept applies equally when the Court's published *Tentative Ruling* becomes the Final Ruling. The *Tentative Ruling* is replaced by the Final Ruling which subsumed the exact wording from the prior Tentative Ruling.

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u> REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

12

does **not** have jurisdiction to confirm or vacate the ruling as requested. See *Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125. . .

"All counsel were permitted to articulate their points/positions on the record. Having considered all moving papers, oppositions, replies and all supporting and/or relevant documentation, as well as the argument of all counsel and the parties, the court ruled as follows: Pursuant to the legal precedent set forth in *Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017)13 Cal.App.5th 1125, the court presently **lacks jurisdiction to confirm or vacate any ruling styled as an "award" by the Arbitration**.  This ruling is without prejudice to raise any and all claims/defenses to any **subsequent** petition to confirm, vacate or otherwise address any arbitration awards issued pursuant to CCP § 1283.4.

The Court in its April 25, 2023 transcript, addresses the Court's thought process: (a) on Page 5, lines 19 – 22 state and (b) on Page 6, lines 11 -12 states:

(a) "The question for the Court switched to is Judge McCurine's ruling was an award as defined by CCP §1283.4, meaning is it **final**, and, therefore, do I have jurisdiction to approve or vacate this"

(b) "And against that my tentative is to come to the answer of, **no, it's not**."

The Court in response to the expected questions by counsel, paraphrased\summarized y as "*if, when and in what circumstances the Court will again be involved,*" the Court after stressing that it had no ongoing role, stated on:

Page 17, lines 16-18: "By virtue of the code it will have to, but after the court has jurisdiction to hear it . . ."

Page 17, lines 24 – 27: . . ."whenever it is believed by one party or all the parties that there is an award under CCP §1283.4 it will be back to me to either confirm or do something else. . ."

Page 18, line 6 & 7:  "The Court:  "I have jurisdiction to rule I don't have jurisdiction."

A noncompliance finding does not mean that the Court did **not** review and make findings as required under CCP §1283.4.   In fact, the effort required to conclude a *submitted* Arbitration Award is noncompliant is stated to be more work than to find that a *submitted* Arbitration Award is complainant, to enable the Court to have jurisdiction to "rule" upon or "litigate" as proscribed

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS _SEPARATE_  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

13

in CCP §1286. The State Court's noncompliant finding referenced a lack of "*Finality*" is described in Supreme Court rulings including *Advanced Micro Devices*, 9 Cal.4th 362 (1994) quoting *Moncharsh,* 3 Cal. 4th 1; 10 Cal.Rptr.2d 183, 832 P.2d 899, the arbitrator's decision should be the **end**, **not** the beginning, of the dispute.

> "Once an arbitrator renders a decision in the form of an award, he or she lacks any power to **reexamine that decision**." (Feldman, *Arbitration Modernized -The New California Arbitration Act* (1961) 34 So.Cal.L.Rev. 413.

## VI. THE OCTOBER 26, 2022 *SUBMITTED* AWARD – LOOMED MENACING

Both the January 20, 2023 *Tentative Ruling* and the April 25, 2023 Final Ruling were unexpected serious events., first to Movant\Debtor and on April 25, 2023 to the Smith Creditors, Team Chapter 7 Trustee and the Referee's Attorney. Despite the Trustee's abandonment of the Chapter 7 on April 26, 2023 following Judge Freeland's ruling, Smith Creditors and the Referee's attorney convinced the Chapter 7 Trustee to reverse the abandonment and proceed as if the claims remained the same with NO APPROVED AWARD. The assertion was that the toxic and deplorable October 26, 2022 submitted Arbitration Award had simply morphed into a "*Pending Award*" awaiting actions by the State Court. This was presented to this bankruptcy court with vigor and persistence.

The Smith Creditors and Chapter 7 Trustee's legal counsel depiction to this bankruptcy court of a "*Pending Award*" held until the identified failings by the Court are cured or a Court's continued involvement, except as strictly circumscribed, e.g., is audacious salesmanship, the anthesis of the separation and "hands-off" oversight by the Courts. In the case at bar, no effort has been spared to maintain this stratagem through the use of perceived "*Judicial Deference*" under auspices of Court Appointed Neutral Judicial Officials, their subordinate or agents, "Officers of the Court", who have conveyed to this Bankruptcy Court a heightened façade which

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u>  REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**
14

employs claims that matters had been "litigated" and otherwise already "determined" in arbitration or by the arbitrator for seminal "make or break matters".

The second time period was triggered because the September 6, 2024 *submitted* Award **included** the June 27, 2022 Arbitrator's Award, TRS No. 1 and TRS No. 2 rulings. [From April 26, 2023 – to September 6, 2024 duping the BK Court. Those on the front line on April 25, 2023, at the end of delay, converged to embark upon "whatever it takes" claims, salesmanship, deceptions, including to significant list of courts, tribunals and judges to and including maintaining the substantial legal weight of the suddenly defunct October 26, 2022 *submitted* Arbitration Award as a *Tentative Ruling* which had to confirmed, but in fact, had been replaced in its entirety by the Final Ruling which included the following:    The 4 again, this has to be the 7th time in this document…

> **[I]** The December 20, 2020 Amended Ruling For Terminating Sanction **("*TRS No. 1*"**);.
> **[II]** The January 5, 2021, Ruling On Supplemental Terminating Sanctions ("***TRS No. 2***");
> **[III]** The ***June 27, 2022 Arbitrator's Ruling***; and
> **[IV]** The sum of $15,339,614.41 Awarded.

Examples of Use of "*Pending Award*", mostly by the Smith Creditors, awaiting actions by the State Court- progression of sales pitch and adopted by Court February 29, 2024 Ruling:

> The arbitration and partnership matters are still pending before the state court rather than before this court. The Sale Motion only raises a narrow set of issues. The final fee application will be the appropriate time to finally consider what services were necessary and beneficial to the estate at the time the services were rendered. Only at this later time will all necessary information be available because whether the Arbitration Award is confirmed and in what amount, and whether the partnership dissolution is concluded will be then fully litigated in state court. All issues are reserved to that time.

> "In general, Peters' oppositions to the Sale Motion and Fee Application are rambling and difficult to understand. Docs. 756, 757, and 767. Most of his arguments raise the same litany of arguments that he raises to any action in this case to which he disagrees, including that the $15 million Arbitration Award against him is not final and was not yet confirmed by the Superior Court; that his former law partnership, Peters & Freedman, is no longer a viable partnership; and that he was deprived of his home and office when he contends that liquidation of these assets are unnecessary to pay the Arbitration Award."

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS *SEPARATE* REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**

15

<u>Connectivity Point</u> - This fiction is part of reconstruction of arbitration structure, the pet and cherished project, by the judiciary and legislature, the much-needed alternative relief valve to reduce the burden and cost to the public sector.

**Gary E. Slater joins <u>in with the Smith Creditor February 22, 2024, Reply, page 5, Lines 18- 28.</u>**

The Proof of claim filed by the Zachary Smith Creditors is in excess of $15 million. That Proof of Claim is considered prima facie valid until it has been adjudicated otherwise. The Debtor has made no effort whatsoever to object to the claim of the Zachary Smith Creditors. The Trustee is awaiting further proceedings in the San Diego Superior Court as to whether the arbitration award against Mr. Peters is to be confirmed before it takes any action regarding the Smith Proof of Claim. Notwithstanding Mr. Peters' statements to the contrary, there has been no final determination as to whether the arbitration award has or shall be confirmed or not. As delineated above, the Trustee does not have cash in excess of $15 million, but the day may come when he does. If this case does not prove to be a surplus estate, Mr. Peters will not have standing to object to Applicant's fees herein. . .

**<u>Reexamination of Submitted Arbitration Award Prohibited</u>**

The arbitrator has no power to reweigh or reconsider the merits of the award. *Elliott & Ten Eyck Partnership v. City of Long Beach* <u>(1997) 57 CA4th 495, 501-504, held that</u> arbitrators have **<u>no</u>** power to make a "supplemental" award on matters left open by the original award. The arbitrator is not permitted to <u>re-examine the *previously submitted*, but noncompliant award</u>.

March 13, 2025                                                          **THE ORACLE LAWYERS**

By: <u>*/s/ David M. Peters, Esq.*</u>
David M. Peters
Attorneys for David M. Peters

**MOVANT\DEBTOR, DAVID M. PETERS MOTION TO COMPEL ABANDONMENT OF: (1) ARBITRATION\STATE CASE, (2) STATE BAR CLIENT TRUST ACCOUNTS, (3) MORNINGSIDE, (4) SMART CORNER AND A (5) REQUEST FOR AN ORDER WHICH PROVIDES THAT DEBTOR, DAVID M. PETERS, HAS HAD THE RIGHT TO BE AND ACT AS <u>SEPARATE</u> REAL PARTY INTEREST, IN ADDITION TO THE CHAPTER 7 TRUSTEE, SINCE THE FEBRUARY 27, 2024 NONCHARGEABLE RULING.**